# DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel  212 909 6000
Fax  212 909 6836
www.debevoise.com

June 11, 2014

<u>VIA ECF</u>

Hon. Loretta Preska
Chief United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**In re Application of Natalia Potanina,
Nos. 14-Misc-31 and 14-Misc-57 (S.D.N.Y., consolidated Mar. 14, 2014) (Part I)**

Dear Chief Judge Preska:

      We represent Respondents Altpoint Capital LLC and six of its executives (collectively, "Respondents") in the above-captioned proceeding.  We are writing for the purpose of bringing to the Court's attention a recent decision of a Russian court that bears upon the arguments that Respondents have made in their Motion to Vacate *Ex Parte* Orders and to Quash or Stay the Subpoenas and, in the Alternative, for Other Appropriate Relief.  *See* Dkt. 25.[1]

      In that motion, Respondents argued that, because the Magistrate Judge presiding over the divorce proceeding between Petitioner and Mr. Vladimir Potanin had ruled that the spouses had been separated since January 2007, *see* Dkt. 28, Shvets Decl. Ex. 3 at 2, and because all discovery sought from Respondents dates from 2007 onward, "the need for *all* discovery sought here very well could be eliminated."  Dkt. 25 at 15 (emphasis in the original).

      In her opposition to Respondents' motion, Petitioner noted, among other things, that the Magistrate Judge's decision was not yet final because Petitioner had filed an appeal.  *See* Dkt. 32, Ryabchenko Decl. ¶ 20; Dkt. 30 at 17.  Petitioner's Russian counsel, Mr. Ryabchenko, also alleged that the Magistrate Judge committed various violations of Russian law in rendering her decision.  *See* Dkt. 32, Ryabchenko Decl. ¶¶ 7-12.  The parties did not dispute that the Magistrate Judge's decision would become final and binding if Petitioner's appeal were rejected.  *See id.* ¶ 20 ("Should an appeal be filed, court decisions become effective once the appellate court has ruled on the appeal, unless the contested decision is overturned."); Dkt. 26, Dyuzheva Decl. ¶ 13 ("If the appellate

---

[1]   All references to "Dkt." refer to the docket entries in NO. 14-Misc-31.

Hon. Loretta Preska                                    2                                    June 11, 2014

court upholds the Decision or issues a new ruling, the Decision or the new ruling will enter into force immediately upon its issuance.").

On May 28, 2014, the Presnensky District Court of Moscow, Russia ("Russian District Court") heard Petitioner's appeal of the Magistrate Judge's decision, and upheld the ruling of the Magistrate Judge in all respects.  In the written decision, the English translation and Russian original of which are attached hereto as Exhibit 1, the District Court held, in relevant part, that:

> [i]n hearing the case the [Russian] Magistrate Court correctly determined the legally important facts.  The facts established by the court are confirmed by the materials of the case and the evidence examined and properly assessed by the court.  The conclusions of the court conform to the established facts.  The court committed no breaches of procedural or substantive law that could give rise to cancellation of the decision.

Ex. 1 at 6.

With respect to the parties' separation date, the Russian District Court affirmed the Magistrate's ruling that "[m]arital relations between the parties effectively ceased from January 2007, which is confirmed by residential lease agreement presented at the court hearing." *Id.* at 4.

Following the dismissal of Petitioner's appeal, the Magistrate Judge's decision, including the factual finding regarding the January 2007 separation date, has now entered into force.  Accordingly, "the Magistrate Judge's factual determination that the Potanins' matrimonial relationship ceased in January 2007 is binding on all other Russian courts adjudicating claims between Mr. Potanin and Mrs. Potanina," neither of whom can "challenge the Magistrate Judge's factual determination in any other Russian court proceeding between them, including in any Russian district courts that are or will be adjudicating division of asset[s] claims between the Potanins."  Dkt. 26, Dyuzheva Decl. ¶ 12.  As a result, this binding determination is likely to render all discovery pertaining to post-January 2007 assets – which would include all the discovery sought from Respondents – irrelevant.  *See id.* ¶ 9.

Hon. Loretta Preska 3 June 11, 2014

      Respondents respectfully submit that this recent development in the Russian proceedings further counsels in favor of rejection, or at least sharply limiting, the burdensome and costly discovery of Respondents, or at the least staying the instant discovery pending further clarification of its relevance by the Russian courts.

                            Respectfully submitted,

                            /s/ Mark W. Friedman
                            Mark W. Friedman
                            Steven S. Michaels
                            Yeugenia (Jane) Shvets
                            DEBEVOISE & PLIMPTON LLP
                            919 Third Avenue
                            New York, New York 10022
                            Tel.: +1 212 909 6000
                            Fax: +1 212 909 6836
                            mwfriedman@debevoise.com
                            ssmichaels@debevoise.com
                            jshvets@debevoise.com

                            *Attorneys for Respondents Altpoint*
                            *Capital Partners LLC, Guerman Aliev,*
                            *Derek Pease, Brett A. Pertuz, Anish Sheth,*
                            *Eric Chan, and Prabhkirat (Yuki) Narula*

cc:    Karl Geercken, Esq. (karl.geercken@alston.com)
       Amber Wessels-Yen, Esq. (amber.wessels-yen@alston.com)
       Matthew Decker, Esq. (matt.decker@alston.com)

# EXHIBIT 1

The undersigned, Yeugenia Shvets, certifies that I am fluent and competent in Russian and English, and that attached hereto is a true and accurate translation of the May 28, 2014 decision of the Presnensky District Court of Moscow, Russia. The original is also reproduced below.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in New York, New York on June 4, 2014

*Yeugenia Shvets*

Yeugenia Shvets

## APPELLATE DECISION

On May 28, 2014 the Presnensky District Court of Moscow, comprising: Presiding Judge A.N. Kuzmichev and secretary L.E. Kuular, having heard in closed session the appeal of Natalia Nikolaevna Potanina, represented by Philipp Vladimirovich Ryabchenko, against the decision of the Magistrate Judge for Judicial District No. 418 of Presnensky District of Moscow dated February 25, 2014 in the civil case brought by Vladimir Olegovich Potanin against Natalia Nikolaevna Potanina (née Varlamova) petitioning for a divorce, and the counterclaim brought by Natalia Nikolaevna Potanina against Vladimir Olegovich Potanin seeking child support for their minor child, which decision reads as follows:

"To grant the application filed by Vladimir Potanin against Natalia Potanina (née Varlamova) for dissolution of marriage.

To dissolve the marriage registered on March 15, 1983 at Wedding Palace No. 3 of the Moscow Registry Office under Record No. 1332 between Vladimir Potanin, born on January 3, 1961 in Moscow, and Natalia Potanina, born on April 8, 1961 in Moscow.

The marriage shall cease upon the Decree becoming effective.

The dissolution of the marriage by the court is subject to state registration in the manner established for the state registration of acts of civil status.

To grant the counterclaim brought by Natalia Potanina against Vladimir Potanin for payment of support for a minor child.

Vladimir Potanin, born on January 3, 1961 in Moscow, registered at Apt. 7, 3 Skatertny Per., Moscow, to pay in favor of Natalia Potanina, born on April 8, 1961 in Moscow, registered at Apt. 7, 3 Skatertny Per., Moscow, support for their son, Vasily Vladimirovich Potanin, born on October 28, 1998 in Moscow, in the amount of ¼ (one-quarter) of his earnings and/or any other income, on a monthly basis, starting from February 25, 2014 until the child comes of full age.

To recover state duty of 100 rubles payable to the budget of Moscow from Vladimir Potanin."

## ESTABLISHED that:

The applicant filed the above application with the magistrate court, asserting that he and the respondent were married on March 15, 1983; this marriage produced a child, Vasily Vladimirovich Potanin, a minor born in 1998. Marital relations with Natalia Potanina have ceased, the parties do not maintain a joint household and live at separate addresses, further cohabitation or family preservation is not possible.

The applicant sought to have the marriage dissolved on this basis.

During consideration of the case in the court of first instance, Natalia Potanina filed a counterclaim against Vladimir Potanin for payment of support for their son, Vasily Vladimirovich Potanin, a minor born on 28.10.1998, in the amount of ¼ of the earnings and other income of Vladimir Potanin, from the date of the application for child support until Vasily Potanin comes of full age.

2

The Magistrate Judge for Judicial District No. 418 of Presnensky District of Moscow issued a judgment on 25.02.2014 to grant the application filed by Vladimir Potanin against Natalia Potanina (née Varlamova) for dissolution of marriage.

To dissolve the marriage registered on March 15, 1983 at Wedding Palace No. 3 of the Moscow Registry Office under Record No. 1332 between Vladimir Potanin, born on January 3, 1961 in Moscow, and Natalia Potanina, born on April 8, 1961 in Moscow.

The marriage shall cease upon the Decree becoming effective.

The dissolution of the marriage by the court is subject to state registration in the manner established for the state registration of acts of civil status.

To grant the counterclaim of Natalia Potanina against Vladimir Potanin for payment of support for their minor child.

The court ruled to order Vladimir Potanin, born on January 3, 1961 in Moscow, registered at Apt. 7, 3 Skatertny Per., Moscow, to pay in favor of Natalia Potanina, born on April 8, 1961 in Moscow, registered at Apt. 7, 3 Skatertny Per., Moscow, support for their son, Vasily Vladimirovich Potanin, born on October 28, 1998 in Moscow, in the amount of ¼ (one-quarter) of his earnings and/or any other income, on a monthly basis, starting from February 25, 2014 until the child comes of full age.

In the appeal counsel for Natalia Potanina in the initial case, Philipp Ryabchenko, seeks to cancel the decision of the Magistrate Judge for Judicial District No. 418 of Presnensky District of Moscow dated February 25, 2014 relating to the dissolution of the marriage between Vladimir Potanin and Natalia Potanina, to dismiss this part of the application, arguing that the Magistrate Judge did not establish all of the facts relevant to the case, did not take into account and did not note important circumstances and facts, did not review them, and therefore issued an unlawful and unjustified decision.

Counsel for the applicant, Potanin V.O., in the initial case – Ivanova M., was present at the court hearing, objected to cancellation of the decision, explained that the decision of the Magistrate Judge had been lawful and justified because marriage must be a voluntary union, whereas marital relations between the parties had effectively ceased from January 2007. Vladimir Potanin had admitted the claim for support for their minor child, and there were no grounds for cancelling the decision of the Magistrate Judge.

Counsel for the respondent, Natalia Potanina, in the initial case, Sapozhnikov N.I. and Ryabchenko Ph.B., were present at the court hearing, sought to cancel the decision of the Magistrate Judge relating to the dissolution of the marriage, since the court had not examined all of the circumstances surrounding the marriage of the parties, the nature of their relationship and the reasons for Vladimir Potanin's divorce application after more than 30 years of marriage. They explained that according to the report of an independent expert in the psychology of marital relations issued on May 14, 2014 by Professor A.M. Poleev, PhD in Medical Sciences, of the Moscow Institute of Psychotherapy, there is a deep emotional devotion and trust between the spouses, which are the basic features of genuine marital relations and their cornerstone. These circumstances serve as a basis to believe and assert that in the period when the photographs provided to the expert were taken, relations between the

spouses were not only marital in nature, they also were very likely intimate, and therefore the decision of the Magistrate Judge on this point should be cancelled.

Having examined the materials of the case and heard counsel for the parties, the appellate court believes that the decision of the Magistrate Judge was awarded in accordance with the applicable substantive and procedural law and that there are no grounds to cancel or amend the ruling of the court in accordance with the requirements of Art. 328 of the Civil Procedure Code of the Russian Federation.

The court established that the parties had entered into the marriage on March 15, 1983 at Wedding Palace No. 3 of the Moscow Registry Office under civil registry Record No. 1332. The marriage produced three children, one of whom is a minor, Vasily Vladimirovich Potanin, born on 28.10.1998.

Marital relations between the parties effectively ceased from January 2007, which is confirmed by residential lease agreement presented at the court hearing; furthermore, an action had been brought by applicant Vladimir Potanin with the Presnensky District Court of Moscow against Natalia Potanina for the division of joint marital assets.

During the two-month grace period for reconciliation granted on the basis of the ruling of the Magistrate Judge for Judicial District No. 418 of Presnensky District of Moscow dated December 25, 2013 on the petition of counsel for the respondent in the initial case, Sapozhnikov N.I., the parties did not reconcile.

Pursuant to Art. 1.3 of the Family Code of the Russian Federation (the "Family Code") marital relations are governed in accordance with the principles of the voluntary union of a man and a woman.

Pursuant to Art. 21.1 of the Family Code a divorce application must be heard by a court if the couple has minor children.

Pursuant to Art. 22 of the Family Code a court hearing a divorce application must grant the divorce if the court establishes that further cohabitation of the spouses and family preservation are not possible.

If a divorce application is being heard and one of the spouses does not agree to the divorce, the court may take steps for reconciliation of the couple and may postpone the case and grant a grace period for reconciliation of up to three months.

The divorce is granted if the steps taken to reconcile the couple are fruitless and one or both spouses insist on the divorce.

Pursuant to the guidelines set forth in Ruling No. 15 of the Supreme Court Plenum of the Russian Federation dated November 5, 1998 on the Application of the Law by the Courts in Considering Divorce Cases, if after the expiration of the reconciliation period granted by the court the spouses did not reconcile and at least one of them insists on the dissolution of the marriage the court must dissolve the marriage.

These circumstances show that the marriage has in fact broken up, the applicant has reasonable grounds to insist on the dissolution of the marriage, further cohabitation and preservation of the family are not possible.

Insofar as living in a marriage must be based on a free will of each of the spouses, which is not the case here, the application should be granted and the marriage between the parties dissolved.

In accordance with Articles 56, 59, 60 and 67 of the Civil Procedure Code each party must prove the facts to which it refers as grounds for its claims and

objections, unless federal law provides otherwise. The court only allows evidence that is relevant to consideration of and judgment on the case. The facts of the case that the law requires to be proven by particular evidentiary means cannot be proven using other instruments of proof. The court assesses the evidence on its inner convictions based on a comprehensive, complete, objective and direct examination of the evidence in the case. No evidence has any greater weight for the court at the start. The court assesses the relevance, permissibility and accuracy of each piece of evidence on its own merits, as well as the sufficiency and interconnectedness of all of the evidence as a whole.

In accordance with Article 12 of the Civil Procedure Code the due process of law is based on the competitiveness and equal rights of the parties.

In assessing the arguments of the appellant about the existence of marital relations between the parties in the period after 2007 as evidenced by the report of an independent expert in psychology issued on May 14, 2014, the court concludes that the existence of emotional devotion and trust does not deny the right of one of the spouses to petition for divorce on the grounds envisaged by applicable law.

Furthermore, upon consideration of this case, both by the Magistrate Judge and the court of appeal, counsel for the respondent in the initial case did not provide proof of the existence of marital relations or grounds for the dismissal of the divorce application of Vladimir Potanin.

Given that the record of mutual settlement between ZAO Interros Estate and Natalia Potanina in respect of the residential lease agreement dated March 1, 2004 (Case Sheet 177) does not contain the address of residential premises, the court has no grounds to establish the facts asserted by counsel for the respondent in the initial case that the parties had simply executed formal civil law lease agreements and that Natalia Potanina had executed lease agreements for residential premises from 2004 to 2012 for living with Vladimir Potanin.

Based on the above, the Magistrate Judge correctly concluded that the marriage should be dissolved.

Counsel for the respondent in the initial case did not provide the court with evidence proving that prior to accepting the application of Vladimir Potanin for hearing, the court of first instance had issued a summons to Natalia Potanina.

The court of appeal concludes that there are no grounds for the arguments set forth in the appeal about violation of the rights of the respondent in the initial case to review the materials of the case in civil law, since the case reference sheet indicates that counsel for the respondent in the initial case received a copy of the application together with attachments on December 2, 2013 and established that counsel for the respondent in the initial case had reviewed the materials of the case on December 19, 2013. According to the minutes of the court hearing at the court of first instance dated February 25, 2014, the court had adjourned the hearing so that counsel for the respondent in the initial case could review the evidence.

Furthermore, in accepting the case for hearing the court of first instance was not in breach of its jurisdictional competence, since at the time when this civil law case was heard by the court of first instance neither of the parties had brought a claim before the court of the first instance for division of joint marital assets or motions seeking a transfer of this case to the Presnensky District Court of Moscow so that it could be heard together with another civil law case.

5

The other arguments contained in the appeal cannot affect lawfulness of the judgment.

Pursuant to Articles 80 and 81 of the Family Code and Articles 39, 173 and 198 of the Civil Procedure Code the court of first instance granted the counterclaim of Natalia Potanina against Vladimir Potanin seeking child support for a minor child.

In hearing the case the court correctly determined the legally important facts. The facts established by the court are confirmed by the materials of the case and the evidence examined and properly assessed by the court. The conclusions of the court conform to the established facts. The court committed no breaches of procedural or substantive law that could give rise to cancellation of the decision.

Pursuant to the above stated and based on Articles 328-330 of the Civil Procedure Code the court

### RULES:

To uphold the decision of the Magistrate Judge for Judicial District No. 418 of Presnensky District of Moscow dated February 25, 2014 in the civil case brought by Vladimir Olegovich Potanin against Natalia Nikolaevna Potanina (née Varlamova) petitioning for a divorce, and the counterclaim brought by Natalia Nikolaevna Potanina against Vladimir Olegovich Potanin seeking child support for their minor child, and to dismiss the appeal of Natalia Nikolaevna Potanina, represented by Philipp Vladimirovich Ryabchenko.

Federal Judge                                    [signature]    A.N. Kuzmichev



## АПЕЛЛЯЦИОННОЕ ОПРЕДЕЛЕНИЕ

28 мая 2014 года Пресненский районный суд г. Москвы, в составе: председательствующего судьи Кузьмичева А.Н., при секретаре Куулар Л.Э., рассмотрев в закрытом судебном заседании апелляционную жалобу Потаниной Наталии Николаевны, в лице представителя Рябченко Филиппа Владимировича, на решение мирового судьи судебного участка № 418 Пресненского района г. Москвы от 25 февраля 2014 года по гражданскому делу по иску Потанина Владимира Олеговича к Потаниной (до брака – Варламова) Наталии Николаевне о расторжении брака, и встречному иску Потаниной Наталии Николаевны к Потанину Владимиру Олеговичу о взыскании алиментов на несовершеннолетнего ребенка, которым постановлено:

«Исковое заявление Потанина Владимира Олеговича к Потаниной (до брака – Варламова) Наталии Николаевне о расторжении брака, удовлетворить.

Брак, зарегистрированный во Дворце бракосочетания № 3 Управления ЗАГС Москвы 15 марта 1983 года, актовая запись 1332, между Потаниным Владимиром Олеговичем, 03 января 1961 года рождения, уроженцем г. Москва, и Потаниной Наталией Николаевной 08 апреля 1961 года рождения, уроженкой г. Москва, - расторгнуть.

Брак прекращается со дня вступления решения в законную силу.

Расторжение брака в суде подлежит государственной регистрации в порядке, установленном для государственной регистрации актов гражданского состояния.

Встречное исковое заявление Потаниной Наталии Николаевны к Потанину Владимиру Олеговичу о взыскании алиментов на несовершеннолетнего ребенка, удовлетворить.

Взыскивать с Потанина Владимира Олеговича, 03 января 1961 года рождения, уроженца г. Москва, зарегистрированного по адресу: г. Москва, Скатертный пер., д.3, кв.7 в пользу Потаниной Наталии Николаевны, 08 апреля 1961 года рождения, уроженки г. Москва, зарегистрированной по адресу: г. Москва, Скатертный пер., д.3, кв.7 алименты на содержание ребенка – Потанина Василия Владимировича, 28 октября 1998 года рождения, уроженца г. Москва в размере 1/4 (одной четверти) заработка и (или) иного дохода, ежемесячно, начиная с 25 февраля 2014 года и до совершеннолетия ребенка.

Взыскать с Потанина Владимира Олеговича в доход бюджета города Москвы государственную пошлину в размере 100 руб.»

## УСТАНОВИЛ:

Истец обратился к мировому судье с указанным выше иском, мотивируя свои требования тем, что 15 марта 1983 года вступил в брак с ответчицей, от данного брака имеется несовершеннолетний ребенок – сын Потанин Василий Владимирович, 1998 года рождения. Брачные отношения с Потаниной Н.Н. прекращены, совместное хозяйство не ведется, стороны проживают раздельно, дальнейшая совместная жизнь и сохранение семьи невозможны.

На основании изложенного, истец просил брак расторгнуть.

В ходе рассмотрения дела в суде первой инстанции, Потанина Н.Н. предъявила к Потанину В.О. встречный иск о взыскании алиментов на несовершеннолетнего ребенка – Потанина Василия Владимировича, 28.10.1998 года рождения в размере ¼ заработка и иного дохода Потанина В.О. со дня подачи заявления о взыскании алиментов до дня совершеннолетия Потанина В.В.

Решением мирового судьи судебного участка № 418 Пресненского района г.Москвы от 25.02.2014 года исковые требования Потанина Владимира Олеговича к Потаниной (до брака – Варламова) Наталии Николаевне о расторжении брака, удовлетворены.

Брак, зарегистрированный во Дворце бракосочетания № 3 Управления ЗАГС Москвы 15 марта 1983 года, актовая запись 1332, между Потаниным Владимиром Олеговичем, 03

января 1961 года рождения, уроженцем г. Москва, и Потаниной Наталией Николаевной 08 апреля 1961 года рождения, уроженкой г. Москва, - расторгнуть.

Брак прекращается со дня вступления решения в законную силу.

Расторжение брака в суде подлежит государственной регистрации в порядке, установленном для государственной регистрации актов гражданского состояния.

Встречное исковое заявление Потаниной Наталии Николаевны к Потанину Владимиру Олеговичу о взыскании алиментов на несовершеннолетнего ребенка, удовлетворить.

Судом постановлено взыскивать с Потанина Владимира Олеговича, 03 января 1961 года рождения, уроженца г. Москва, зарегистрированного по адресу: г. Москва, Скатертный пер., д.3, кв.7 в пользу Потаниной Наталии Николаевны, 08 апреля 1961 года рождения, уроженки г. Москва, зарегистрированной по адресу: г. Москва, Скатертный пер., д.3, кв.7 алименты на содержание ребенка – Потанина Василия Владимировича, 28 октября 1998 года рождения, уроженца г. Москва в размере 1/4 (одной четверти) заработка и (или) иного дохода, ежемесячно, начиная с 25 февраля 2014 года и до совершеннолетия ребенка.

В апелляционной жалобе представитель ответчика по первоначальному иску Потаниной Н.Н. – Рябченко Ф.В. просит суд отменить решение мирового судьи судебного участка № 418 Пресненского района г.Москвы от 25.02.2014 года в части расторжения брака между Потаниным Владимиром Олеговичем и Потаниной Наталией Николаевной, в указанной части в иске отказать, указывая на то, что мировой судья не установил все значимые для дела обстоятельства, не принял к сведению и не учел заслуживающие внимания обстоятельства и факты, не проанализировал их, в связи с чем принял незаконное и необоснованное решение.

Представитель истца по первоначальному иску Потанина В.О. – Иванова М.А. в судебное заседание явилась, против отмены решения возражала, пояснила, что вынесенное мировым судьей решение законно и обоснованно, так как нахождение в браке должно быть добровольным, а брачные отношения между сторонами фактически прекращены с января 2007 года. В части взыскания алиментов на несовершеннолетнего ребенка Потанин В.О. исковые требования признал, оснований для отмены постановленного мировым судьей решения не имеется.

Представители ответчика по первоначальному иску Потаниной Н.Н. – Сапожников Н.И., Рябченко Ф.Б. в судебное заседание явились, просили решение мирового судьи, в части расторжения брака отменить, поскольку судом не были исследованы все обстоятельства семейной жизни сторон, характер их взаимоотношений и причин, побудивших истца Потанина В.О. обратиться в суд после более, чем 30-летнего брака с заявлением о разводе. Пояснили, что согласно заключению независимого эксперта в области психологии супружеских взаимоотношений от 14 мая 2014 года, составленного к.м.н. профессором Московского института психоанализа Полеевым А.М., между супругами присутствует глубокая эмоциональная привязанность и доверительность, которые являются основными признаками истинно супружеских отношений, их фундаментом. Данные обстоятельства дают основания полагать и утверждать, что в период, когда были сделаны представленные специалисту фотографии, между супругами существовали не только истинно супружеские, но и с высокой степенью вероятности интимные отношения, а потому решение мирового судьи в указанной части подлежит отмене.

Изучив материалы дела, выслушав представителей сторон, суд апелляционной инстанции считает, что решение мирового судьи вынесено в соответствии с нормами действующего материального и процессуального права, и оснований для отмены, изменения названного судебного постановления в соответствии с требованиями ст. 328 ГПК РФ не имеется.

Судом установлено, что стороны зарегистрировали брак 15 марта 1983 года во Дворце бракосочетания № 3 Управления ЗАГС Москвы, о чем сделана актовая запись № 1332. От брака стороны имеют троих детей, один из которых несовершеннолетний – Потанин Василий Владимирович, 28.10.1998 года рождения.

Между сторонами брачно-семейные отношения фактически прекращены с января 2007 года, о чем свидетельствуют представленные в судебном заседании договоры аренды

жилого помещения, кроме того, в настоящее время истцом Потаниным В.О. в Пресненский районный суд г. Москвы подано исковое заявление к Потаниной Н.Н. о разделе совместно нажитого имущества.

В течение предоставленного на основании определения мирового судьи судебного участка № 418 Пресненского района г. Москвы от 25 декабря 2013 года по ходатайству представителя ответчика по первоначальному иску Сапожникова Н.И. двухмесячного срок для примирения, стороны не примирились.

В соответствии с ч.3 ст. 1 Семейного кодекса Российской Федерации (далее – СК РФ) - регулирование семейных отношений осуществляется в соответствии с принципами добровольности брачного союза мужчины и женщины.

В соответствии с ч.1 ст. 21 СК РФ – расторжение брака производится в судебном порядке при наличии у супругов общих несовершеннолетних детей.

В соответствии со ст. 22 СК РФ – расторжение брака в судебном порядке производится, если судом установлено, что дальнейшая совместная жизнь супругов и сохранение семьи невозможны.

При рассмотрении дела о расторжении брака при отсутствии согласия одного из супругов на расторжение брака суд вправе принять меры к примирению супругов и вправе отложить разбирательство дела, назначив супругам срок для примирения в пределах трех месяцев.

Расторжение брака производится, если меры по примирению супругов оказались безрезультатными и супруги (один из них) настаивают на расторжении брака.

Как разъяснил в своем Постановлении Пленум Верховного Суда Российской Федерации от 5 ноября 1998 г. № 15 «О применении судами законодательства при рассмотрении дел о расторжении брака» - если после истечения назначенного судом срока примирение супругов не состоялось и хотя бы один из них настаивает на прекращении брака, суд расторгает брак.

Данные обстоятельства свидетельствуют о том, что брак фактически распался, причины, побудившие истца настаивать на расторжении брака, являются обоснованными, дальнейшая совместная жизнь и сохранение семьи невозможно.

Так как проживание в браке должно быть свободным волеизъявлением каждого из супругов, что в данном случае отсутствует, иск подлежит удовлетворению, брак, заключенный между сторонами подлежит расторжению.

В соответствии ст. ст. 56, 59, 60, 67 ГПК РФ каждая сторона обязана доказать те обстоятельства, на которые она ссылается как на основания своих требований и возражений, если иное не предусмотрено федеральным законом. Суд принимает только те доказательства, которые имеют значение для рассмотрения и разрешения дела. Обстоятельства дела, которые в соответствии с законом должны быть подтверждены определенными средствами доказывания, не могут подтверждаться никакими другими доказательствами. Суд оценивает доказательства по своему внутреннему убеждению, основанному на всестороннем, полно, объективном и непосредственном исследовании имеющихся в деле доказательств. Никакие доказательства не имеют для суда заранее установленной силы. Суд оценивает относимость, допустимость, достоверность каждого доказательств в отдельности, а также достаточность и взаимную связь доказательств в их совокупности.

В соответствии со ст. 12 ГПК РФ правосудие по гражданским делам осуществляется на основе состязательности и равноправия сторон.

Оценивая представленные апеллирующей стороной доводы о наличии между сторонами супружеских отношений в период после 2007 года, что подтверждается заключением независимого эксперта в области психологии от 14 мая 2014 года, суд приходит к выводу о том, что наличие эмоциональной привязанности и доверительности не опровергает право одного из супругов требовать расторжения брака, по основаниям, предусмотренным действующим законодательством.

При этом, при рассмотрении настоящего дела, как у мирового судьи, так и в суде апелляционной инстанции представителями ответчика по первоначальному иску не представлены доказательства наличий супружеских отношений и оснований для отказа в удовлетворении требований истца Потанина В.О.

Учитывая, что в акте взаимных расчетов ЗАО «Интеррос Эстейт» и Потаниной Н.Н. по договору найма жилого помещения от 01 марта 2004 года (л.д. 177), не указан адрес жилого помещения, у суда отсутствуют основания для установления обстоятельств, на которые ссылаются представители ответчика по первоначальному иску, о формальном заключении сторонами по гражданскому делу договоров аренды и о заключении Потаниной Н.Н. с 2004 года по 2012 год договоров найма и аренды жилых помещений для совместного проживания с Потаниным В.О.

На основании изложенного, мировой судья обоснованно пришел к выводу о необходимости расторжения брака.

Представителями ответчика по первоначальному иску не представлены в суд доказательства, подтверждающие доводы о том, что до принятия искового заявления Потанина В.О. к производству, судом первой инстанции была выдана повестка Потаниной Н.Н.

Суд апелляционной инстанции приходит к выводу о необоснованности доводов апелляционной жалобы о нарушении прав ответчика по первоначальному иску на ознакомление с материалами гражданского дела, поскольку из справочного листа дела следует, что представитель ответчика по первоначальному иску получил копию искового заявления с приложениями 02 декабря 2013 года, с материалами гражданского дела представители ответчика по первоначальному иску ознакомлены 19 декабря 2013 года. Согласно протокола судебного заседания суда первой инстанции от 25 февраля 2014 года, судом объявлялся перерыв с целью ознакомления представителей ответчика по первоначальному иску с поступившими доказательствами.

Вместе с тем, судом первой инстанции не допущено нарушений правил родовой подсудности, поскольку при рассмотрении настоящего гражданского дела в суде первой инстанции, сторонами не заявлено исковых требований о разделе общего имущества супругов и ходатайств о передаче настоящего гражданского дела в Пресненский районный суд города Москвы с целью совместного рассмотрения с иным гражданским делом.

Иные доводы апелляционной жалобы не могут повлиять на законность вынесенного решения.

Судом первой инстанции, на основании ст.ст. 80, 81 СК РФ и 39, 173, 198 ГПК РФ удовлетворено встречное исковое заявление Потаниной Н.Н. к Потанину В.О. о взыскании алиментов на несовершеннолетнего ребенка.

Разрешая спор, суд правильно определил юридически значимые обстоятельства. Установленные судом обстоятельства подтверждены материалами дела и исследованными судом доказательствами, которым суд дал надлежащую оценку. Выводы суда соответствуют установленным обстоятельствам. Нарушений норм процессуального и материального права, влекущих отмену решения, судом допущено не было.

На основании изложенного и руководствуясь ст. ст. 328 -330 ГПК РФ, суд

**РЕШИЛ:**

Оставить решение мирового судьи судебного участка № 418 Пресненского района г. Москвы от 25 февраля 2014 года по гражданскому делу по иску Потанина Владимира Олеговича к Потаниной (до брака – Варламова) Наталии Николаевне о расторжении брака, и встречному иску Потаниной Наталии Николаевны к Потанину Владимиру Олеговичу о взыскании алиментов на несовершеннолетнего ребенка, без изменения, апелляционную жалобу Потаниной Наталии Николаевны, в лице представителя Рябченко Филиппа Владимировича, без удовлетворения.

Федеральный судья                                                                         А.Н. Кузьмичев

