Ratoff J.
Part 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re the Application of NATALIA POTANINA

For an Order to Take Discovery Pursuant to 28 U.S.C. § 1782(a)

Misc. Action No. 1:14-mc-00031
Misc. Action No. 1:14-mc-00057

## [PROPOSED] ORDER APPROVING SETTLEMENT AGREEMENT AND GRANTING JOINT MOTION CONCERNING PETITIONER'S SUBPOENAS

Upon consideration of the Settlement Agreement and Joint Motion Concerning Petitioner's Subpoenas of Petitioner Natalia Potanina ("Petitioner") and Respondents Altpoint Capital Partners LLC, Guerman Aliev, Derek Pease, Brett A. Pertuz, Anish Sheth, Eric Chan, and Prabhkirat (Yuki) Narula (collectively, "Respondents"), submitted to the Court for review and approval on July 9, 2014, it is hereby:

**ORDERED** that the Parties' Settlement Agreement is **APPROVED AND SO ORDERED**, and the Joint Motion Concerning Petitioner's Subpoenas is **GRANTED AND SO ORDERED**.

It is further **ORDERED** that this Court shall retain jurisdiction over this matter.

Signed this 10th day of July, 2014.

Hon. Loretta A. Preska  Jed S. Rakoff
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In Re the Application of NATALIA POTANINA | Misc. Action No. 1:14-mc-00031<br>Misc. Action No. 1:14-mc-00057 |
| For an Order to Take Discovery Pursuant to 28 U.S.C. § 1782(a) | **SETTLEMENT AGREEMENT AND JOINT MOTION CONCERNING PETITIONER'S SUBPOENAS** |

Petitioner Natalia Potanina ("Petitioner") and respondents Altpoint Capital Partners LLC ("Altpoint"), Guerman Aliev, Derek Pease, Brett A. Pertuz, Anish Sheth, Eric Chan, and Prabhkirat (Yuki) Narula (the last six, "Individual Respondents," and, together with Altpoint, "Respondents"), file this Settlement Agreement and Joint Motion Concerning Petitioner's Subpoenas.

1. By no later than July 10, 2014, Altpoint shall produce the following non-privileged or otherwise non-protected documents:

    a. partnership agreements for Altpoint and the investment funds it manages ("Altpoint Funds");

    b. period reports for each Altpoint Fund;

    c. capitalization tables and capital call and distribution notices for each Altpoint Fund;

    d. Altpoint's and Altpoint Funds' federal, state, and local tax filings;

    e. Altpoint Investment Committee memoranda;

    f. transaction documents related to the Altpoint Funds' investments in portfolio companies; and

   g.  legal documentation relating to the Stone Tower separation.

2. On a rolling basis and, in any event, no later than September 2, 2014, Altpoint will provide additional non-privileged / non-protected documents relating to (a) decisions about making, managing, or exiting Altpoint Funds' investments, or (b) ownership of assets or property by or on behalf of Interros, Vladimir O. Potanin, or Mr. Potanin's family members. These documents include:

  a. E-mail and other correspondence and other documents between and among the various Respondents and Mr. Potanin or his representatives or affiliated entities concerning Potanin assets, transfers of assets (both legal and beneficial), sources of income, investments and amounts due or to be paid to him;

  b. E-mail and other correspondence and other documents concerning business transactions or investments with, or sums due to or from Interros and/or any Interros U.S. Company, along with any transfers (both legal and beneficial) of Interros assets;

  c. E-mail and other correspondence and other documents concerning debts or credits due from or owing to Potanin or Interros;

  d. E-mail and other correspondence and other documents concerning any real, personal, tangible and/or intangible property interests held by Potanin or Interros;

  e. E-mail and other correspondence and other documents concerning assets (both legal and beneficial) held in the name of (or for the benefit of) any Potanin family member, including Vassily Potanin, Ivan Potanin and Natalia Potanina.

3. The database to be searched to locate the Altpoint documents discussed above will be comprised of electronic documents from the emails and attachments collected from the

Altpoint email accounts of Respondents Guerman Aliev, Derek Pease and Eric Chan, located using the following searches:

    a.    Documents containing the first or last name of the current and former Chief Financial Officers ("CFOs") or Chief Investment Officers ("CIOs") of Interros Company ("Interros"), whether in the address line or in the body of the document, in both English and Russian, with exclusionary searches as necessary to weed out false positive results for the term "Anton"; or

    b.    Documents containing one of the terms "Potanin," "Interros," or an email address ending in "interros.ru." together with one of the terms (a) "asset," (b) "contribution," (c) "credit," (d) "debit," (e) "distribution," (f) "income," (g) "investment, (h) "property," (i) "redemption, or (j) "withdrawal," as well as those ten terms' Russian equivalents.

4.    On a rolling basis and, in any event, no later than September 2, 2014, Guerman Aliev, Derek Pease, and Eric Chan will produce non-privileged / non-protected emails, to the extent they exist, from their personal email accounts and any other personally held documents relating to assets or property owned or held by or on behalf of Interros, Vladimir O. Potanin, or Mr. Potanin's family members, as well as income or other sums due to Interros, Valdimir O. Potanin, or Mr. Potanin's family members, regardless of whether such assets, property, income or sums are related to Altpoint.

5.    Respondents may seek additional time from Petitioner, and, if Petitioner does not agree, from this Court, up to and including September 15, 2014 to complete the production of the documents described in Paragraphs 2 through 4 above. In the case of unanticipated circumstances and good cause, Respondents may seek additional extensions of time from

the Court as provided by the Federal Rules of Civil Procedure; Petitioner reserves the right to oppose any such additional extension of time.

6. Nothing in this agreement requires production of documents or parts thereof that are privileged or otherwise protected from disclosure, and Respondents will provide by September 23, 2014 (or October 7, in the event the extension addressed in Paragraph 5 above is sought and obtained) a privilege log for each responsive document withheld from production from the responsive documents identified pursuant to Paragraphs 2 through 4 for which they claim privilege or protection. It shall not be necessary to log documents withheld from production on the basis of privilege or other protection that were created or received on or after February 5, 2014.

7. Altpoint shall provide a corporate representative to testify in a deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure within thirty days of the date on which document discovery is completed. The deposition will be limited to (i) seven (7) hours in duration, excluding any time taken up by questions posed by Respondents' counsel or the deponent's answers thereto; and (ii) the deposition topics identified in the subpoena served upon Altpoint on February 5, 2014 in this matter.

8. This Settlement Agreement is contingent upon the Court's approval of the parties' Agreed Protective Order, which has been so ordered and entered on this Court's docket, and of this Settlement Agreement and accompanying Proposed Order and the entry of those latter approvals upon this Court's docket. In the event the approval, order, entry, and distribution via ECF of this Settlement Agreement or the accompanying Proposed Order is delayed for any reason beyond 3 p.m. on July10, 2014, there shall be a day-for-day extension of the deadlines for production of documents pursuant to Paragraph 1

above, provided that the parties may negotiate alternative arrangements if there is such delay.

9. In reliance on Respondents' representation that the personal email accounts of Respondents Prabhkirat (Yuki) Narula, Anish Sheth and Brett A. Pertuz do not contain responsive information, Petitioner will not require information from those Respondents at this time, but reserves her right to pursue document discovery as to those individuals' personal emails based upon either her review of documents produced by the remaining Respondents or deposition testimony. Respondents reserve their rights to oppose any such request.

10. Petitioner has agreed to search only the Altpoint documents from the electronic files of three individuals (Guerman Aliev, Derek Pease and Eric Chan), in reliance on Respondents' representation that those are the three principal Altpoint custodians with responsive information. She similarly reserves her right to request that Altpoint search for responsive documents from the electronic files of other Altpoint custodians (including but not limited to Prabhkirat (Yuki) Narula, Anish Sheth and Brett A. Pertuz) based upon either her review of documents produced by the remaining Respondents or deposition testimony. Respondents reserve their rights to oppose any such request.

11. The parties preserve their respective positions and all rights with respect to further depositions sought by the subpoenas served upon the Individual Respondents ("the non-agreed depositions"). Should Petitioner wish to pursue such additional discovery further, the parties will meet and confer with respect to any such request for the further discovery discussed in this Paragraph and, should no agreement be reached, the parties may seek to enforce their respective rights before this Court, subject to the rights of all parties herein

to seek review of, or relief from, such orders of this Court. Notwithstanding anything else herein to the contrary, any discovery provided with respect to the non-agreed depositions shall be subject to the Agreed Protective Order or, if any other form of protective order is agreed or entered, that protective order.

12. Petitioner accepts the discovery set forth in Paragraphs 1 through 7 above as a resolution of this matter with respect to documents in the possession, custody, and control of Altpoint and of the Individual Respondents with the exception of the Guerman Aliev Interros documents which were the subject of the Court's June 17, 2014 ruling. Except pursuant to the exceptions set forth in Paragraphs 9 through 11 above, she agrees not to seek further documents from those Respondents pursuant to the subpoenas that have been issued as of the date of this Settlement Agreement and Joint Motion. Subject to the exceptions set forth in Paragraphs 9 through 11 above and the Respondents' full compliance with their obligations set forth herein, the discovery provided herein will be deemed to satisfy Petitioner's § 1782 Applications herein and the subpoenas. Respondents reserve their rights to oppose any future § 1782 Application of Petitioner or other request for testimony, documents or other information. This Court shall retain jurisdiction to enforce this Settlement Agreement and Joint Motion Concerning Petitioner's Subpoenas and the Agreed Protective Order.

13. Neither Petitioner and her privies nor Respondents and their privies concede that any position taken by the other is correct or well-founded factually or legally, and each of Petitioners and her privies and Respondents and their privies reserve all of their respective rights except as set forth in this Settlement Agreement and Joint Motion.

14. With the exception of the costs associated with the non-agreed depositions, as to which the parties each reserve their rights as provided by law as to the taxation of costs, each party will bear its own costs with regard to the foregoing and this proceeding.

15. Therefore, Petitioner and Respondents respectfully request that this Court approve and so order the Settlement Agreement set forth herein and cause to be entered the Proposed Order accompanying this motion.

Dated: July 9, 2014
New York, New York

ALSTON & BIRD LLP

_/s/_

Karl Geercken
Amber Wessels-Yen
Matthew C. Decker
90 Park Avenue
New York, NY 10016
Tel: (212) 210-9400
Fax: (212) 210-9444
karl.geercken@alston.com
amber.wessels-yen@alston.com

*Attorneys for Applicant Natalia Potanina*

DEBEVOISE & PLIMPTON LLP

_/s/_

Joseph P. Moodhe
Mark W. Friedman
Steven S. Michaels
919 Third Avenue
New York, NY 10022
Tel: (212) 909-7265
Fax: (212) 909-6836
mwfriedman@debevoise.com
ssmichaels@debevoise.com

*Attorneys for Respondents Altpoint Capital Partners LLC, Guerman Aliev, Derek Pease, Brett A. Pertuz, Anish Sheth, Eric Chan, and Prabhkirat (Yuki) Narula*

SO ORDERED: _/s/_ (Part I)
USDJ
7-10-14

7