UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re the Application of NATALIA POTANINA    :
for an Order to Take Discovery Pursuant to        :       Case No.  14-MC-31 (LAP)
28 U.S.C. § 1782(a)                                               :                       14-MC-57 (LAP)
              Petitioner.                        :       **ECF Case**
                                                                          :
------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF
RESPONDENT GUERMAN ALIEV'S MOTION  FOR A SEALING ORDER**

Respondent Guerman Aliev brings this motion to request that the Court permit him to submit his confidential employment contract and any references thereto made in the Aliev Declaration submitted in Support of his Motion for Reconsideration under seal.

**PROCEDURAL HISTORY**

In this action, Petitioner is seeking discovery from, *inter alia*, Respondent Guerman Aliev pursuant to 28 U.S.C. § 1782 in aid of a divorce proceeding in Russia.  The parties to this proceeding, including Altpoint Capital Partners LLC, Guerman Aliev, Derek Pease, Brett A. Pertuz, Anish Sheth, Eric Chan and Prabhkirat (Yuki) Narula, and Petitioner Natalia Potanina executed a Protective and Confidentiality Order on or about June 20, 2014, which was submitted to the Court for entry, and entered on June 27, 2014 (the "Protective Order"). (Dkt. No. 70.)

The Protective Order provides for the designation of Documents or Testimony (as defined therein) as "Confidential" and defines limited circumstances in which Confidential Information may be used. (Dkt. No. 70 ¶¶ 5-9.)[1] "Confidential Information" includes "that information which Respondents in good faith consider to contain or reflect non-public trade secrets, proprietary business information, competitively sensitive information, and/or other confidential information, or other information, including without limitation information

---

[1] All docket numbers refer to No. 14-MC-31.

pertaining to third parties, the disclosure of which would, in the good faith judgment of Respondents, be detrimental to the interests of or the conduct of Respondents' business or the business of any of Respondents' customers or clients." (Dkt. No. 70 ¶ 3.) The Protective Order also provides that Documents or Testimony designated as Confidential shall continue to be deemed Confidential Information unless and until the Court rules otherwise. (Dkt. No. 70 ¶ 4.)

After a series of conferences, filings, and meet-and-confer discussions between counsel and an order entered by this Court on October 2, 2014, on October 10, 2014, Aliev filed a motion for reconsideration. (Dkt. Nos. 90-93.) On October, 24, 2014, Petitioner filed its opposition to Aliev's Motion for Reconsideration and also filed a Motion for Sanctions. These filings included a declaration by Amber Wessels-Yen, Petitioner's counsel, which contained three documents which Petitioner requested this Court permit to be filed under seal. (Dkt. No. 99.)

Contemporaneous with the filing of this Motion for a Sealing Order, Respondent is filing certain papers in further support of his Motion for Reconsideration. (Dkt. Nos. 90-93.) These papers include a Declaration by Guerman Aliev, the exhibits to which include his Interros employment contract. *See* Exhibit 1 to the accompany Declaration of Michael A. Cardozo in Support of Respondent's Motion for a Sealing Order ("Cardozo Sealing Decl."). The employment contract is relevant to the issues raised in the Motion for Reconsideration concerning whether Aliev has possession, custody or control of Interros documents by virtue of his position as a Vice-President of Interros.

## ARGUMENT

While in general the public has a right to access judicial records, this presumption can be overcome by balancing competing considerations, including "the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

Indeed, the Second Circuit has recognized that documents "may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* Among the factors for a court to consider in evaluating the privacy interest of those opposing disclosure are the following: (1) "the degree to which the subject matter is traditionally considered private rather than public," and (2) "the nature and degree of the injury" that will be caused by revealing the information, which may include determining "whether the nature of the materials is such that there is a fair opportunity for the subject to respond to any accusations contained therein." *U.S. v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995).

Here, Aliev's privacy interests and those of third party, Interros, a Russian company, would be implicated and harmed by public disclosure of the information in Exhibit 1 to Aliev's Declaration, his employment contract with Interros. Also, as a matter of common sense, employment contracts are generally considered private rather than public. As such, there is good cause to seal grant a motion to seal Aliev's employment contract. *See, e.g.*, *Kelly v. Evolution Markets, Inc.*, 626 F. Supp. 2d 364, 377 (S.D.N.Y. 2009) (granting party's motion to seal portions of the record that disclosed the parties' employment contract). These interests outweigh any right of public access, and accordingly, Aliev should be granted permission to file the Interros employment contract and any references made thereto in Aliev's declaration or the accompanying memorandum of law under seal.

## **CONCLUSION**

For the foregoing reasons, Aliev respectfully requests that he be granted permission to file his Interros employment agreement, and all references made thereto in the accompanying declaration, under seal.

|  |  |
|---|---|
| Dated: October 31, 2014<br>New York, New York | PROSKAUER ROSE LLP<br><br>  /s/ Michael A. Cardozo<br>Michael A. Cardozo<br>Margaret A. Dale<br>Lindsey A. Olson<br>Eleven Times Square<br>New York, New York 10036<br>Tel. (212) 969-3000<br>Fax (212) 969-2900<br><br>*Attorneys for Respondent Guerman Aliev* |