UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re the Application of NATALIA POTANINA<br><br>For an Order to Take Discovery Pursuant to 28 U.S.C. § 1782(a) | No. 1:14-mc-31 (LAP)<br>No. 1:14-mc-57 (LAP) |

**PETITIONER'S MEMORANDUM OF LAW
IN SUPPORT OF HER MOTION TO STRIKE OR TO FILE A SUR-REPLY**

**PRELIMINARY STATEMENT**

For months, counsel for Respondent Guerman Aliev, the Vice-President of Interros, have been withholding information regarding Aliev's responsibilities at Interros and information responsive to a duly issued subpoena of this Court, claiming that they were not obligated to provide any such information. Now, nearly nine months after he was served with a subpoena, Aliev has provided an incomplete and misleading declaration with exhibits – attached to a reply brief in support of an untimely reconsideration motion – in an apparent attempt to deny Petitioner Natalia Potanina the opportunity to address the issues with his declaration.

As discussed below, the Court has broad discretion to remedy this misconduct by either striking the new portions of Aliev's declaration, the new exhibits, and the reply brief's references to those new portions, or by allowing Petitioner to address that new material in the attached proposed Petitioner's Sur-Reply Brief in Opposition to Aliev's Motion for Reconsideration (the "Sur-Reply Brief").

**FACTUAL BACKGROUND**

On June 17, 2014, the Court resolved the sole remaining issue raised in the S.D.N.Y. Respondents' March 19, 2014 motion to quash: "whether or not Mr. Alieve, a vice-president of Interros, should be required to produce documents and electronic discovery from Interros" (June Hearing Transcript., 3:10-13). The Court decided this motion on June 17 and ordered Aliev to produce responsive Interros documents. (*Id.*, 7:1-8).

Aliev's former counsel, unhappy with the ruling, immediately questioned the Court's reasoning – essentially seeking reconsideration on the spot – and the Court reiterated its ruling. (*Id.*, 7:13-8:1.) In July 2014, his former counsel added a short paragraph at the end of an Altpoint production letter reiterating their hearing arguments, (*see* Case No. 14-MC-31,[1] Dkt. No. 74-2), but neither bolstered these unsubstantiated hearsay arguments with an Aliev declaration nor asked the Court for re-argument of the June Hearing on a timely basis, so that these issues could be fully briefed and decided before Aliev's documents were due.

When Mrs. Potanina raised Aliev's non-compliance with the Court in September, Aliev's former counsel filed a letter with the Court on September 9 seeking *de facto* reconsideration by taking the position that the Court's clear ruling was "untenable" and not "permissible." Aliev's counsel also claimed that Aliev had not had a chance to bring relevant facts to the Court's attention, and represented that if Aliev filed a motion to clarify or reconsider, "respondents will submit evidence demonstrating Aliev is not Interros' alter ego." *Id.* During the Court's September 18, 2014 hearing, the Court rejected the

---

[1] All docket references in this brief will be to S.D.N.Y. Case No. 14-mc-31.

arguments presented by Aliev's former counsel as inadmissible hearsay *and explicitly noted that Aliev himself had failed to submit any declarations.*  Aliev's October 10, 2014 motion for reconsideration *again* failed to include any declaration by Aliev.

Aliev's counsel has now, however, provided a "Declaration of Guerman Aliev in Support of His Motion for Reconsideration and Reargument of, and Relief from, this Court's October 2, 2014 Order and in Opposition to Petitioner's Motion for Sanctions (the "Aliev Reply Declaration") for the first time in reply papers in support of his untimely reconsideration motion.[2]  Paragraphs 25 through 33 of the Aliev Reply Declaration and Exhibit 3 thereto parrot the hearsay information that Aliev's replacement counsel proffered on his behalf for the first time in the untimely reconsideration motion.  However, paragraphs 1-24 of the Aliev Reply Declaration, together with its Exhibits 1 and 2 and the portions of pages 8-10 of his reply brief referencing those paragraphs (collectively, the "New Reply Facts"), contain extensive new information that Aliev could have provided months ago, but chose not to.  At no point in the either the Aliev Reply Declaration or in the reply brief do Aliev and his counsel attempt to explain why he failed to provide his declaration earlier.

## ARGUMENT

**I.     Aliev's New Reply Facts Should Be Stricken**

As a preliminary matter, Local Rule 6.3 does not allow affidavits to be filed in a reconsideration motion unless the Court so directs, and the Court can therefore strike the

---

[2] Aliev has also styled the declaration as made in support of his sanctions opposition.  However, by filing his declaration together with his reply papers (rather than with the sanction opposition papers which are due to be filed next week), and citing extensively to the declaration in his reply brief, it is apparent that the declaration was intended to add new information to influence the Court's decision on his reconsideration motion.

Aliev Reply Declaration in its entirety. As set forth in Petitioner's opposition brief, the Court also can and should disregard the entire motion and its supporting declarations as duplicative of Aliev's prior reconsideration efforts and as an untimely attempt to seek reconsideration of the Court's June 2014 Order.

In addition, the Court can and should strike the New Reply Facts as an improper attempt to introduce new facts that could have been raised months ago. In *Aurora Loan Services, Inc. v. Posner, Posner & Associates, P.C.*, 513 F. Supp. 2d 18, 19-20 (S.D.N.Y. 2007), the court exercised its discretion in deciding to strike new facts raised by a plaintiff for the first time in its reply papers. The court held that the plaintiff "was aware of and in possession of these documents at the time they filed [the opening papers], and it therefore could have included them in its papers." *Id.* The plaintiff argued that the materials had been added in response to opposition arguments, but the court noted that "[d]efendants['] argument in opposition was simply that plaintiff had not met its burden in moving [for] summary judgment. To allow plaintiff to then submit new materials to meet its burden would inappropriately allow plaintiff a second bite at the summary judgment apple."

The court in *Aurora Loan Services* decided to strike the new facts outright rather than to address the prejudice to the defendant by allowing a sur-reply. 513 F. Supp. 2d at 19-20. That court held that allowing the sur-reply would not "cure[ ] any error because it again allows plaintiff an additional chance to meet its burden on summary judgment, and also creates opportunities for gamesmanship in motion practice. In short, plaintiff had the initial burden in moving for summary judgment, and may not add new materials simply because defendant pointed out that it has not met its burden." In light of Aliev's pattern of

delay, obfuscation and gamesmanship, this Court should exercise its discretion to strike the New Reply Facts.

## II. Alternatively, the Court Should Allow Petitioner to Address the New Reply Facts in a Sur-reply

The Court also has the discretion to choose to accept the New Reply Facts if it believes that the prejudice to Petitioner can be wholly addressed by allowing her to file a sur-reply. *Dixon v. NBCUniversal Media, LLC*, 947 F. Supp. 2d 390, 396-97 (S.D.N.Y. 2013). In *Dixon*, the court held that it "is plainly improper to submit on reply evidentiary information that was available to the moving party at the time that it filed its motion and that is necessary in order for that party to meet its burden." *Id.* However, that court credited the offending defendant's counsel's representation that the failure to attach the correct documents with its initial papers was a mistake by counsel. *Id.* It further determined that the only prejudice caused by the error was that the plaintiff had not been able to address the correct document in its opposition, and held that the prejudice was wholly addressed by allowing the plaintiff to file a sur-reply. *Id.*

In this instance, Aliev and his counsel have explained at length that his former counsel failed to understand the Court's June Order, but have submitted no similar explanations as to why Aliev failed to provide a declaration with any of the New Reply Facts with his opening reconsideration papers. The facts here seem to be much more analogous to the gamesmanship described in *Aurora Loan* than to the mistake described in *Dixon*. Nonetheless, if the Court determines that the prejudice caused by Aliev's extraordinary delay in providing the New Reply Facts can be addressed by allowing Petitioner to file a Sur-Reply, Petitioner requests that the Court grant her leave to file the Proposed Sur-Reply attached hereto as Exhibit A.

## **CONCLUSION**

For all of the foregoing reasons, Mrs. Potanina respectfully requests that the Court either (1) strike the portions of Mr. Aliev's Reply Declaration, its exhibits, and the Reply Brief containing or referencing the New Reply Facts, (2) or allow her to file the Sur-Reply brief attached hereto as Exhibit A.

Dated: November 7, 2014                     ALSTON & BIRD LLP

                                               /s/ Karl Geercken
                                              Karl Geercken
                                              Amber Wessels-Yen
                                              90 Park Avenue
                                              New York, NY 10016
                                              Tel.: (212) 210-9400
                                              Fax: (212) 210-9444
                                              karl.geercken@alston.com
                                              amber.wessels-yen@alston.com

                                              *Attorneys for Petitioner Natalia Potanina*