

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

Michael A. Cardozo
Member of the Firm
d 212.969.3230
f 212.969.2900
mcardozo@proskauer.com
www.proskauer.com

March 26, 2015

<u>Via ECF</u>

Hon. Loretta A. Preska
Chief United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    *In re Application of Natalia Potanina*, Nos. 14-mc-31 and 14-mc-57
              <u>(S.D.N.Y., consolidated March 14, 2014) (Part I)</u>

Dear Chief Judge Preska:

    We represent Respondent Guerman Aliev in the above-captioned matter.  After reading Petitioner's letter to you last night, we felt compelled to respond and to correct misleading statements contained therein.

    With respect to Petitioner's request to submit post-hearing expert declarations, we first draw the Court's attention to Federal Rule of Civil Procedure 44.1.  The Rule states in pertinent part:  "A party who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing.  In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence.  The court's determination must be treated as a ruling on a question of law."  F.R.C.P. 44.1.

    Because it is the court's role to determine foreign law – not the expert's – "the purpose of expert testimony . . . is to aid the Court in determining the content of the applicable foreign law *not to apply it to the facts of the case*."  *Bigio v. Coca-Cola Co.*, No. 97 Civ. 2858 BSJ, 2010 WL 3377503, at *4 (S.D.N.Y. Aug. 23, 2010) *aff'd*, 675 F.3d 163 (2d Cir. 2012) (quoting *Minebea Co. v. Papst*, 444 F. Supp. 2d 68, 182 (D.D.C. 2006) *dismissed*, 224 F. App'x 962 (Fed. Cir. 2007) (emphasis added)).  Petitioner has already revealed that she intends to introduce expert testimony after the hearing "so that the experts will have had the benefit of Mr. Aliev's hearing testimony." (No. 14 Misc. 31, Dkt. 142, at 2).  Because it is not the expert's role to evaluate the facts of the case, Mr. Aliev's testimony is not relevant for purposes of any expert's report.  Accordingly, Petitioner's request should be denied.

    Secondly, Petitioner's request seeks to avoid the disclosure obligations and discovery entitlements contained in Federal Rule of Civil Procedure 26(a)(2).  This Rule requires a party to

**Proskauer »**

Hon. Loretta A. Preska
March 26, 2015
Page 2

disclose the identity of any witness it may use at trial to present evidence, along with that expert's report, at least 90 days before the scheduled trial.  F.R.C.P. 26(a)(2).  Petitioner has requested *post*-trial expert declarations, but indeed "a party is entitled to discovery regarding an adversary's foreign law expert, just as it is entitled to discovery regarding any other kind of expert."  *Silberman v. Innovation Luggage, Inc.*, No. 01 Civ. 7109 GELDF, 2002 WL 31175226, at *2 (S.D.N.Y. Sept. 30, 2002).  This includes depositions.  *See id.*  As the Southern District of New York has long held, "[m]odern discovery rules are meant to facilitate 'fair and expeditious preparation of cases.'"  *Schiller v. City of New York*, No. 04CIV.7921(RJS)(JCF), 2008 WL 4525341, at *5 (S.D.N.Y. Oct. 9, 2008) (quoting *Dienstag v. Bronsen*, 49 F.R .D. 327, 329 (S.D.N.Y.1970)).  Petitioner's request for post-trial expert declarations would accomplish the opposite.

Petitioner's request should also be denied because it is inherently unfair and would further delay what has already been a long, drawn-out, expensive process despite the fact that Petitioner has seen virtually no evidence that suggests Mr. Aliev has control over Interros documents.  Petitioner had ample opportunity to identify an expert witness but failed to even raise the issue of expert testimony until, quite literally, the eleventh hour.  After receiving the Court's January 9, 2015 decision to hold an evidentiary hearing, the parties exchanged witness lists on January 28, 2015.  From the beginning of this case, the parties have been aware that the impact of Russian law on the access to documents is involved, and yet it has taken *months* for Petitioner to decide to use a foreign law expert, just as discovery is coming to a close and the parties are prepared for a hearing.  Petitioner has given no justification for this delay, and her request should be denied for this reason as well.

We also object to Petitioner's offer to provide reports in advance, which was not disclosed to us before her counsel filed their letter and would be unduly prejudicial to Mr. Aliev as it would introduce yet more delay, burden, and expense.  This evidentiary hearing is a collateral proceeding to a collateral proceeding; the parties must move forward and bring this issue to a close.  Mr. Aliev has been generous in his agreements to Petitioner's excessively broad discovery requests in an effort to move the process forward expeditiously.  Petitioner's attempts to stall the process this late in the game should be stopped.

If the Court were to allow expert declarations, we would respectfully request a new schedule that provides for reports and depositions.  We would also object to simultaneous reports, as Mr. Aliev would choose to exercise his right to respond to any expert testimony Petitioner introduces.  In all events, we do not think that is the appropriate path and believe this court should deny Petitioner's request in its entirety.

Finally, we wish to correct the misleading statement Petitioner made with respect to Mr. Aliev's agreement to search for documents pertaining to the 34 Interros-related companies Petitioner identified in her document requests.  Petitioner requested *all documents regarding* such companies, to which Mr. Aliev objected as overbroad and unduly burdensome.  After negotiating with Petitioner's counsel, Mr. Aliev ultimately agreed to search for documents relating to these companies within the restricted time frame of February 1, 2014 to December 31, 2014.

Proskauer»

Hon. Loretta A. Preska
March 26, 2015
Page 3


Respectfully submitted,

*/s/ Michael A. Cardozo*

Michael A. Cardozo


cc:  Margaret A. Dale, Esq.
Lindsey A. Olson, Esq.
Amber Wessels-Yen, Esq. (via ECF)
Karl Geercken, Esq. (via ECF)