UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re the Application of NATALIA POTANINA

For an Order to Take Discovery Pursuant
to 28 U.S.C. § 1782(a)

No. 1:14-mc-31 (LAP)
No. 1:14-mc-57 (LAP)

## PETITIONER'S PRE-HEARING MEMORANDUM OF LAW

Karl Geercken
Amber Wessels-Yen
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
Tel.: (212) 210-9400
Fax: (212) 210-9444
karl.geercken@alston.com
amber.wessels-yen@alston.com
*Attorneys for Petitioner*
*Natalia Potanina*

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ....................................................................... iii

STATEMENT OF THE NATURE OF THE ACTION ............................... 1

SHORT STATEMENT OF PETITIONERS'S CASE .............................. 2

EXHIBITS ............................................................................................ 2

WITNESSES ........................................................................................ 2

DEPOSITIONS TO BE OFFERED IN EVIDENCE AT THE HEARING ................ 3

STATEMENT OF PROCEDURAL HISTORY ..................................... 3

STATEMENT OF RELEVANT FACTUAL BACKGROUND .............. 4

STATEMENT OF CLAIM AND APPLICABLE LAW ......................... 6

    A.  The Standards ......................................................................... 6

        1.  Standard for Determining Control ................................. 6

        2.  Standard for Motion to Reconsider .............................. 7

    B.  Aliev's Legal Entitlement to the Interros Documents ........................ 7

        1.  Aliev Has an Employment Contract With Interros That Allows Him to Carry Out Representative Functions ................................. 7

        2.  As Part of His Representative Functions, Aliev Has the Right and Ability to Access Confidential Information at Interros ........................... 8

    C.  Aliev Has the Practical Ability to Acquire Relevant Documents From Interros ............... 11

        1.  Aliev Has the Practical Ability to Acquire Relevant Documents By Virtue of His Position as Vice President ......................... 11

        2.  Aliev Has the Right to New Projects and He Therefore Has the Practical Ability to Obtain the Documents ........................ 12

    D.  A Company's Claim That an Employee Does Not Have Control is Not Determinative ... 14

**Page**

   E.  The Report and Deposition Testimony of Aliev's Expert Sergey Sokolov Demonstrate That Aliev Has the Legal Right and Practical Ability to Obtain the Interros Documents.........15

ISSUES OF LAW AND FACT THAT REMAIN TO BE LITIGATED ......................................17

PENDING MOTIONS...........................................................................................................17

## TABLE OF AUTHORITIES

**Cases**                                                                                     **Page(s)**

*Dietrich v. Bauer,*
    No. 95 CIV. 7051 (RWS), 2000 WL 1171132 (S.D.N.Y. Aug. 16, 2000)..............................6

*First Nat. City Bank of N.Y. v. I.R.S. of U.S. Treasury Dep't,*
    271 F.2d 616 (2d Cir. 1959).............................................................................13

*Forum Ins. Co. v. Keller,*
    No. 91-cv-4528, 1992 WL 297580 (S.D.N.Y. Oct. 8, 1992)...................................11

*In re Flag Telecom Holdings, Ltd. Secs. Litig.,*
    236 F.R.D. 177 (S.D.N.Y. 2006) ...............................................................8, 11, 13

*S.E.C. v. Credit Bancorp, Ltd.,*
    194 F.R.D. 469 (S.D.N.Y. 2000) ...................................................................7

*Shrader v. CSX Transp., Inc.,*
    70 F.3d 255 (2d Cir. 1995)............................................................................7

*United States v. IBM,*
    477 F. Supp. 698 (S.D.N.Y. 1979) ...........................................................11, 12

*United States v. IBM,*
    71 F.R.D. 88 (S.D.N.Y. 1976) ..............................................................11, 13, 14

*United States v. Kerik,*
    615 F. Supp. 2d 256 (S.D.N.Y. 2009).............................................................7

*United States v. Stein,*
    488 F. Supp. 2d 350 (S.D.N.Y. 2007)............................................................7

*Wiwa v. Royal Dutch Petroleum Co.,*
    Nos. 96-cv-8386, 01-cv-1909, 02-cv-7618, 2009 WL 529224 (S.D.N.Y. Feb. 17, 2009)7, 11, 13

**Statutes and Other Authorities**

28 U.S.C. § 1782.................................................................................................1, 3

Fed. R. Civ. P. 34................................................................................................6

## STATEMENT OF THE NATURE OF THE ACTION

This is an action brought pursuant to 28 U.S.C. § 1782(a) by Petitioner Natalia Potanina seeking discovery of documents from, among others, Respondent Guerman Aliev, a U.S. resident who works and resides in this district, in connection with foreign litigation arising from the divorce proceeding commenced against Mrs. Potanina by her now former husband, Vladimir Potanin. Aliev is the sole Vice President at Interros, the Russian company owned by Mrs. Potanina's former husband.

After approving Ms. Potanina's Order to take Discovery under 28 U.S.C. § 1782(a) in early 2014, on June 17, 2014, the Court ruled on the only remaining issue in Respondents' motion to quash, namely whether Aliev should produce responsive Interros documents, and explicitly held that Interros's documents were in his possession, custody or control. When Aliev argued that the Court's Order did not require him to produce these documents, the Court reiterated its holdings in an Order entered October 2, 2014. Aliev subsequently moved the Court to reconsider that decision and provided, for the first time, his own affidavit in support of his position. In an Order dated January 5, 2015, this Court granted, in part, Aliev's motion for reconsideration, directing him to produce documents, and setting this evidentiary hearing to "determine whether, as a factual matter, Aliev has possession, custody, or control of the relevant documents [from his employer Interros]" and denying Aliev's claim that this Court's earlier Orders "impermissibly required discovery of materials lying beyond the geographical reach of [28 U.S.C. § 1782(a)]."

## SHORT STATEMENT OF PETITIONER'S CASE

Aliev has possession, custody, or control of the relevant documents from his employer, Interros, that he has been Ordered to produce (the "Interros Documents").[1]  It is undisputed that Aliev is the sole Vice President of Interros.  In this capacity, Aliev is legally entitled to and has the right and ability to access the Interros Documents.  The scope of Aliev's role as Vice President of Interros is set forth ██████████████████████████████ ████████████████████████████████████████████████████████ ██████████████████████████████████ Aliev has both access to the Interros Documents and the authority to direct Interros employees to provide him with such information.

## EXHIBITS

As exhibits at this evidentiary hearing, Petitioner intends to rely upon documents produced in this action; the report of Petitioner's expert Maxim Kulkov, dated May 27, 2015,[2] and some or all of the report of Aliev's expert Sergey Sokolov, dated May 27, 2015; and the documents relied upon by the two experts, including English translations of relevant Russian language documents.[3]

## WITNESSES

The potential witnesses that Petitioner may call at the hearing are:

- Guerman Aliev (live)

---

[1] As set forth in the Court's Order entered on October 2, 2014 [D.E. 87] (the "October Order"), these documents include "all Interros documents responsive to any of the five categories of documents previously agreed to between counsel for Petitioner and Mr. Aliev and set forth in the Parties' Settlement Agreement (Dkt. No. 72), ¶ 2."  The five categories are set forth on page 3 of the October Order.

[2] The entirety of the Kulkov Expert Report is incorporated herein by reference.

[3] The Parties will be meeting and conferring this Friday to discuss coordination of the exhibits.

- Petitioner's expert, Maxim Kulkov
    (by deposition transcript, a copy of which is attached)

- Aliev's expert, Sergey Sokolov
    (by deposition transcript, a copy of which is attached)

- Any witness called by Aliev

## DEPOSITIONS TO BE OFFERED IN EVIDENCE AT THE HEARING

The depositions which may be offered in evidence (in whole or in part) at the hearing are:

- Petitioner's expert, Maxim Kulkov, June 3, 2015

- Aliev's expert, Sergey Sokolov, June 5, 2015

- Guerman Aliev, April 9, 2015

## STATEMENT OF PROCEDURAL HISTORY

On February 4, 2014, the Court approved Ms. Potanina's Order to take Discovery under 28 U.S.C. § 1782. (*See* February 4, 2014 Order to Take Discovery Under 28 U.S.C. § 1782, Dkt. No. 6.) On June 17, 2014, this Court ordered Respondent Guerman Aliev, the Vice President of Interros, to produce responsive Interros Documents on the grounds that such documents were in his possession, custody or control. (*See* January 26, 2014 Transcript of the June 17, 2014 Proceedings, Dkt. No. 68.) During a hearing on September 18, 2014, the Court reaffirmed the June Order, and codified its holding in the October Order requiring Aliev to produce responsive documents and electronic discovery materials by October 10, 2014. (*See* October 2, 2014 Order, Dkt. No. 87.) The Court further authorized Petitioner to seek sanctions if Aliev failed to produce the documents by the required date.

A few days after the September 18, 2014 hearing, Aliev—who had been represented by the same law firm that that has represented Potanin's businesses (including Interros) for years— replaced his counsel. On October 10, 2014, instead of producing responsive documents, Aliev filed an untimely motion seeking reconsideration, raising the same arguments that he had already

unsuccessfully made to the Court.  (*See* October 10, 2014 Motion for Reconsideration, Dkt. No. 90.)  As Aliev failed to produce any responsive documents by the required date, Petitioner timely moved for sanctions against Aliev pursuant to the Court's authorization.

On January 9, 2015, the Court issued a Memorandum and Order denying Aliev's claim that the earlier orders impermissibly required discovery of materials lying beyond the geographical reach of the statute.  (*See* January 9, 2015 Memorandum & Order, Dkt. No. 131.) The Court, however, partially granted Aliev's motion, insofar as it granted this evidentiary hearing to determine whether, as a factual matter, Aliev has possession, custody, or control of the relevant documents.   Petitioner's Motion for Sanctions is currently stayed pending this evidentiary hearing before the Court.

## STATEMENT OF RELEVANT FACTUAL BACKGROUND

Aliev is currently the Vice President of, and has been an executive officer at, Interros since 2008.  (*See* Exhibit 2, ███████████████████████████████ ██████████████████████████████████████████████ Exhibit 4, the June 3, 2015 transcript of the Deposition of Maxim Kulkov (hereinafter "Kulkov Tr.") at 27:14-18; Exhibit 8, the Interros Webpage at http://www.interros.ru/en/team/, last visited June 6, 2015 (hereinafter "Interros Webpage"); and Exhibit 7, the October 8, 2014 Letter from Barbashev (hereinafter the "Barbashev Letter").)[4] ████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

---

[4] As agreed with Aliev's counsel, a set of all Exhibits referenced in this memorandum will be hand-delivered to the Court on the morning of June 11, 2015, with a copy set contemporaneously delivered to Aliev's counsel.

Aliev's position as the Vice President of Interros



**STATEMENT OF CLAIM AND APPLICABLE LAW**

A.    **The Standards**

1.    Standard for Determining Control

The law applicable to the matters in question is familiar and straightforward.  Pursuant to

Rule 34(a) of the Federal Rules of Civil Procedure a party must produce responsive documents

that it has in its "possession, custody, or control."  Fed. R. Civ. P. 34(a)(1).  The concept of

control has been construed broadly.  *Dietrich v. Bauer*, No. 95 CIV. 7051 (RWS), 2000 WL

1171132, at *3 (S.D.N.Y. Aug. 16, 2000).  For Rule 34(a) purposes, a party has control over

documents held by a third party if the party (1) is legally entitled, or (2) has the practical ability,

to acquire the documents from the third party.  *See Wiwa v. Royal Dutch Petroleum Co.*, Nos. 96-cv-8386, 01-cv-1909, 02-cv-7618, 2009 WL 529224, at *3 (S.D.N.Y. Feb. 17, 2009) (collecting cases); *United States v. Stein*, 488 F. Supp. 2d 350, 361 (S.D.N.Y. 2007) (stating that neither legal ownership of the requested documents nor actual possession is determinative as control has been defined to include the legal *right to obtain* the documents) (emphasis added); *S.E.C. v. Credit Bancorp, Ltd.*, 194 F.R.D. 469, 471 (S.D.N.Y. 2000) ("'Control' has been construed broadly by the courts as the legal right, authority, or practical ability to obtain the materials sought upon demand").

        2.    <u>Standard for Motion to Reconsider</u>

Separately, a movant's burden on a motion for reconsideration "is a heavy one."  (*See* January 9, 2015 Memorandum and Order at page 3, Dkt. No. 131.)  Disagreement with this Court's ruling is the basis for appeal, but not for reconsideration.  *United States v. Kerik*, 615 F. Supp. 2d 256, 276 n. 27 (S.D.N.Y. 2009).  Furthermore, in a motion to reconsider, a party cannot re-litigate an issue that has already been decided.  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

**B.**    **Aliev's Legally Entitlement to the Interros Documents**

        1.    Aliev Has an Employment Contract With Interros That Allows
               <u>Him to Carry Out Representative Functions</u>

        a)    Under United States law, a party's control over third-party documents extends to the records of a corporation for which the party serves as an officer.  *Wiwa*, 2009 WL 529224, at *2.  Under Russian law, an officer of a corporation has control over the documents and information necessary to perform his job function.  (*See* Exhibit 9, Russian Labor Code Article 22; Exhibit 4, Kulkov Tr. at 96:10-12 ("[Aliev is] still vice president.  It means that he has such control and access to the documents").)  Furthermore, documents may be within the control of a

party even if they are located abroad.  *See In re Flag Telecom Holdings, Ltd. Secs. Litig.*, 236 F.R.D. 177, 180 (S.D.N.Y. 2006).  As demonstrated below, as Vice President of Interros, Aliev is entitled to access the Interros Documents under both United States and Russian law.

b) ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████

c) ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████ It is undisputed that Aliev is still employed at Interros and currently holds the position of Vice President.  (*See* Exhibit 6, Aliev Tr. at 67:12-15; ████████ ████████████████████████████████; Exhibit 4,  Kulkov Tr. at 27:14-18; Exhibit 8, Interros; Exhibit 7, Barbashev Letter.) ██████████████████████████████

████████████████████████████████████████████

████████████████████████████

2.   <u>As a Part of His Representative Functions, Aliev Has the Right and Ability to Access Confidential Information at Interros</u>

a)   Aliev has the right and ability to access information in his role as the Vice President of Interros.  (*See* Exhibit 4, Kulkov Tr. at 28:18-20.) ██████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████

b)      Article 22 of the Russian Labor Code requires Interros, as Aliev's employer, to "provide all the necessary equipment, instruments, technical documents and other facilities, which are needed to perform labor duties."  (*See* Exhibit 9, Russian Labor Code Article 22; Exhibit 11, the Expert Report of Maxim Kulkov (hereinafter "Kulkov Expert Report"), page 7, ¶ 19; Exhibit 5, Sokolov Tr. at 92:11-18.)

c)      ████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████

d)      ████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████ According to the Interros website it has many investments and subsidiaries, including an entity that had in excess of $9 billion in assets as of 2013.  (*See* Exhibit 10, Interros International Investments Limited Report and Financial Statements For the Year Ended 31 December , 2013 (hereinafter "Investments Report"), page 6; Exhibit 5, Sokolov Tr. at 18:13-15.) ███████████████████████████

███████████████████████████████████████████

████████████████████████████████████

    e)     ████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████

    f)     Even Aliev's expert admits that Aliev appears to be an important person in the company and as such, it is reasonable that Aliev would need access to important and confidential documents  and, if the documents are necessary, they must be provided to Aliev.  (*See* Exhibit 5, Sokolov Tr. at 74:18-21; 75:12-18; 56:23-59:22; 95:9-24; 96:1-22 ("Q: Does it look like these individuals are important people in the Interros organization?  A: It may look like that [. . .] █

███████████████████████████████████████████

███████████████████████████████████████████

10

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████

**C.     Aliev Has the Practical Ability to Acquire Relevant Documents From Interros**

      1.     <u>Aliev Has the Practical Ability to Acquire Relevant Documents</u>
               <u>By Virtue of His Position as Vice President</u>

      a)     Aliev also has the practical ability to obtain the documents that Petitioner is seeking.  At the time that the subpoena was served, Aliev was one of only two Vice Presidents of Interros, and he is now the sole Vice President of Interros.  (Dkt. No. 4-2, p. 11.)  Courts have consistently found that an executive, and even an executive in a lower position than Vice President, has the ability to access his company's documents.  *See, e.g., In re Flag Telecom Holdings, Ltd. Secs. Litig.*, 236 F.R.D. 177, 181 (S.D.N.Y. 2006) (senior officer in charge of strategic development found to have the practical ability to obtain corporate documents where employees are permitted to utilize such documents in the course of employment); *Wiwa v. Royal Dutch Petroleum Co.*, Nos. 96-cv-8386, 01-cv-1909, 02-cv-7618, 2009 WL 529224, at *3 (S.D.N.Y. Feb. 17, 2009) (officers who founded, ran and housed advocacy organization found to have the practical ability to obtain and therefore control over organization's records); *United States v. IBM*, 71 F.R.D. 88, 91 (S.D.N.Y. 1976) (president of non-party corporation found to have the practical ability to acquire and therefore control of corporate documents for employment purposes); *United States v. IBM*, 477 F. Supp. 698, 699 (S.D.N.Y. 1979) (vice president of IBM division found to have the practical ability to acquire and therefore control IBM's documents); *Forum Ins. Co. v. Keller*, No. 91-cv-4528, 1992 WL 297580, at *3 (S.D.N.Y. Oct. 8, 1992) (general partner is found to be in constructive possession of partnership's documents).  And under Russian law, Aliev also has the practical ability to access

documents ███████████████████████████████████████████████████

███████████████████████████████████████████████████

2.  <u>Aliev Has the Right to New Projects and He Therefore
Has the Practical Ability to Obtain the Documents</u>

a)  Aliev is entitled to be assigned new projects by Interros and he maintains access to the documents necessary to carry out the functions of his position.  Article 22 of the Russian Labor law provides that an employee has the right to receive tasks from his or her employer in accordance with the job function specified in the employee's employment contract.  (*See* Exhibit 9, Russian Labor Code Article 22; Exhibit 11, Kulkov Expert Report, page 8, ¶ 23.) ██████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████ Even if Aliev did not perform any work in 2014-2015, he would still maintain access to and control over the documents requested by the Court's order.  (*See* Exhibit 4, Kulkov Tr. at 62:12-21.)  Aliev's argument that he did not have any projects in 2014-2015 and therefore he does not have access to the documents is unavailing.  Such a position would be similar to saying that an attorney on sabbatical does not have the right to case documents because he is not currently performing any job duties.  (*See* Exhibit 4, Kulkov Tr. at 63:3-15.)

b)  ███████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████████

c)      It is well established that if a party can access documents for business purposes, it can access those documents for legal purposes.  *See First Nat. City Bank of N.Y. v. I.R.S. of U.S. Treasury Dep't*, 271 F.2d 616, 618 (2d Cir. 1959) ("Any officer or agent of the corporation who has power to cause the branch records to be sent from a branch to the home office for any corporate purpose, surely has sufficient control to cause them to be sent on when desired for a governmental purpose."); *In re Flag Telecom Holdings, Ltd. Secs. Litig.*, 236 F.R.D. 177, 181 (S.D.N.Y. 2006); *Wiwa v. Royal Dutch Petroleum Co.*, Nos. 96-cv-8386, 01-cv-1909, 02-cv-7618, 2009 WL 529224, at *3 (S.D.N.Y. Feb. 17, 2009); *United States v. IBM*, 71 F.R.D. 88, 91 (S.D.N.Y. 1976) ; *United States v. IBM*, 477 F. Supp. 698, 699 (S.D.N.Y. 1979).  ████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

13

**D.     A Company's Claim That An Employee Does Not Have Control Is Not Determinative**

a)      Aliev's assertion that Interros refuses to provide him with the authority to provide the Interros Documents does not impact Aliev's control over the Interros Documents.  *See United States v. IBM*, 71 F.R.D. 88, 91 (S.D.N.Y. 1976).  In *IBM*, the president of a nonparty corporation was served with a subpoena for documents.  *Id.* at 89.  The president stated that the documents were not in his control because he was not given access to the documents by the company and he was therefore "powerless" to comply.  *Id*. at 91.  The Court disagreed, stating that he continued to hold the position of president and therefore continued to have control of the documents for employment purposes stating "[t]hat [the president] continues to have such control is sufficient to require his compliance with the subpoena." *Id*.  The Court further stated that the company's refusal to comply with the subpoena was "no more than an attempt to evade this court's lawful process." *Id*.

b)      Aliev had multiple ways to obtain the documents under his control including making request to employees at Interros and requesting documents from the electronic or hard-copy document storage system at Interros.  (*See* Exhibit 11, Kulkov Expert Report, page 12, ¶ 36; Exhibit 4, Kulkov Tr. at 104:17-105:11.)  Aliev could have also contested Interros' refusal to authorize the production by responding to Interros' letter or raising a claim with a regulatory or judicial body for breach of the Russian Labor Code, ███████████████████████ ████████████████████ (*See* Exhibit 11, Kulkov Expert Report, page 12, ¶ 37; Exhibit 4, Kulkov Tr. at 107:2-5.)  Instead, Aliev made a single request to Interros' chief legal officer and then spoke with Petitioner's former husband, who has a personal interest in preventing Petitioner from obtaining the requested documents.  (*See* Exhibit 11, Kulkov Expert Report, page 12, ¶ 37; Exhibit 4, Kulkov Tr. at 110:18-22 ("First of all, I believe he should start not from

14

Potanin because obviously, he knew that Mr. Potanin would deny his request because Mr. Potanin is a party to the litigation in question.  As I understand he is a defendant and it would be absolutely predictable that Mr. Potanin would say, no, no, no, no, you want to get nothing").)

**E.    The Report and Deposition Testimony of Aliev's Expert Sergey Sokolov Demonstrate That Aliev Has the Legal Right and Practical Ability to Obtain the Interros Documents**

a)    Sokolov's report and deposition testimony supports Petitioner's position. Sokolov agrees with Petitioner's expert Kulkov that in analyzing the issue of Aliev's control of the Interros Documents, the relevant authorities and documents include Article 22 of the Russian Labor Code, ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ███████████

b)    ███████████████████████████████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████

c)    Sokolov agrees that currently and at all relevant times, Aliev was a Vice President of Interros and admits that in this position, ███████████████████████████████ ███████████████████████████████████████████████████ ███████████████████████████   Sokolov further admits that if Aliev were given a project today, he might need access to confidential documents.  (*See* Exhibit 5, Sokolov Tr. at 58:8-24.)

d)    Sokolov's report suffers from a number of infirmities:

i)      While Sokolov cites to Article 22 of the Russian Labor Code, he fails to provide an analysis of this Article.  (*See* Exhibit 12, the Expert Report of Sergey Sokolov (hereinafter "Sokolov Expert Report"), page 3, ¶ 14; Exhibit 11, Kulkov Expert Report, page 7, ¶ 20.)

ii)      None of the authorities cited in Sokolov's report deal with the key section of Article 22 of the Russian Labor Code relating to the an obligation for employers to provide employees not only with technical documents but with other documents required for due performance of their duties as wells (*See* Exhibit 12, Sokolov Expert Report; Exhibit 11, Kulkov Expert Report, page 7, ¶ 22.)

iii)      Sokolov fails to address Aliev's other options for obtaining the Interros Documents.  (*See* Exhibit 12, Sokolov Expert Report; Exhibit 11, Kulkov Expert Report, page 12, ¶¶ 36-37.)

iv)      Sokolov fails to acknowledge that Aliev's job function would require Aliev to obtain confidential Interros Documents, like the documents ordered to be produced here, whenever a project required.  (*See* Exhibit 12, Sokolov Expert Report; Exhibit 11, Kulkov Expert Report, page 11, ¶ 33.)

v)      Sokolov also does not take issue with the conclusion of Petitioner's expert that ██████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ██████████████████████████████████████████

### **ISSUES OF LAW AND FACT THAT REMAIN TO BE LITIGATED**

- Issue:  Whether Aliev has failed to meet the heavy burden of showing new evidence that would alter this Court's holding in its previous Orders that Aliev has control of the Interros Documents.
  Answer:  Yes.  *See infra* Sections A.2., B & C.

- Issue:  Whether Aliev has control over the Interros Documents as a result of his legal entitlement to such documents or the practical ability to acquire such documents.
  Answer:  Yes.  *See infra* Sections A.1., B & C.

- Issue:  Whether Interros' refusal to authorize the production of the Interros Documents does not determine Aliev's control over the Interros Documents
  Answer:  Yes.  *See infra* Section D.

### **PENDING MOTIONS**

The following motions are pending:

1.    Petitioner's Motion for Sanctions [D.E. 100].  The Court stayed this motion pending the outcome of this evidentiary hearing.  Petitioner respectfully submits that if Aliev is determined to have control over the Interros Documents, Petitioner's Motion for Sanctions be granted in full.

2.    Aliev's Motion for Reconsideration [D.E. 90].

Dated: New York, New York
        June 10, 2015

                                ALSTON & BIRD LLP

                                  /s/ Karl Geercken
                                Karl Geercken
                                Amber Wessels-Yen
                                90 Park Avenue
                                New York, NY 10016
                                Tel.: (212) 210-9400
                                Fax: (212) 210-9444
                                karl.geercken@alston.com
                                amber.wessels-yen@alston.com


                                *Attorneys for Petitioner Natalia Potanina*