

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

Michael A. Cardozo
Member of the Firm
d 212.969.3230
f 212.969.2900
mcardozo@proskauer.com
www.proskauer.com

July 14, 2015

<u>Via ECF</u>

Hon. Loretta A. Preska
Chief United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:     *In re Application of Natalia Potanina*, Nos. 14-mc-31 and 14-mc-57
                <u>(S.D.N.Y., consolidated March 14, 2014) (Part I)</u>

Dear Chief Judge Preska:

      We represent Respondent Guerman Aliev ("Aliev") in the above-captioned matter and write in response to Petitioner's letter of July 10, 2015, requesting that the Court (i) clarify the portion of its June 30, 2015 Order [dkt. no. 162][1] (the "Order") denying Petitioner's Motion for Sanctions, and (ii) allow for an immediate appeal of the Order as between Petitioner and Aliev, either under Federal Rule of Civil Procedure 54(b), or in the alternative, pursuant to 28 U.S.C. §1292(b).

<u>Clarification of the Denial of Petitioner's Motion for Sanctions is Unnecessary</u>

      Although Aliev believes it unnecessary for the Court to clarify its denial of Petitioner's Motion for Sanctions because the Order explicitly denied that motion in its entirety, to the extent that Petitioner is seeking confirmation that the denial included consideration and denial of Petitioner's request for "compensatory sanctions" as well as "coercive sanctions," Aliev does not object.  And for the record, Petitioner's conduct – not Aliev's – led to the increase in Petitioner's legal fees.  To the extent that Petitioner seeks to reargue the Court's denial of the Motion for Sanctions, Aliev reserves his right to seek an award of attorneys' fees and costs in connection therewith.

<u>Petitioner's Request for an Immediately Appealable Order Should Be Denied</u>

      Aliev opposes Petitioner's request for the Court to fashion its Order into one immediately appealable, whether pursuant to F.R.C.P. 54(b) or pursuant to 28 U.S.C. §1292(b).  With respect

---

[1] All docket notations refer to the lower-numbered docket in this matter, 14-mc-31.

**Proskauer»**

Hon. Loretta A. Preska
July 14, 2015
Page 2

to Rule 54(b), Petitioner has not advanced any justification for overcoming the federal rule that
no appeal be heard until the entire case is completed.  Nor can Petitioner satisfy the statutory
requirements for certification under Section 1292(b).  While the Order did resolve the factual
issue of Aliev's lack of practical ability to obtain the Interros documents, the underlying
proceeding brought by Petitioner pursuant to 28 U.S.C. § 1782 is not yet complete, evidenced by
the ongoing depositions which, as we understand, were delayed pending resolution of a privilege
issue that Petitioner waited several months to address.

<u>*Judgment Pursuant to Rule 54(b) Is Not Appropriate*</u>

   The Court should deny Petitioner's request to enter final judgment as to Aliev under Rule
54(b).  Rule "54(b) orders should not be entered routinely or as a courtesy or accommodation to
counsel," especially in light of the "overall policy against piecemeal appeals." *Arlinghaus v.
Ritenour*, 543 F.2d 461, 463-64 (2d Cir. 1976); *see also Novick v. AXA Network, LLC*, 642 F.3d
304, 310 (2d Cir. 2011) ("In general, there is a 'historic federal policy against piecemeal
appeals.'" (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980))).  Accordingly,
"permitting an aggrieved party to take an immediate appeal [must] be exercised sparingly." *Id.*

   In order for the court to grant a Rule 54(b) motion, three prerequisites must be met:  (1)
multiple claims for relief and/or multiple parties must be involved; (2) at least one claim or the
rights or liabilities of at least one party must be finally decided; and (3) the court must make an
express determination that there is no just reason for delaying an appeal.  F.R.C.P. 54(b);
*Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991).  The district court has
discretion to make or decline to make such a determination "in the interest of sound judicial
administration."  *Novick*, 642 F.3d at 310-11 (quoting *Curtiss-Wright*, 446 U.S. at 8).  Indeed,
"[c]ertification should be granted *only if* there exists 'some danger of hardship or injustice
through delay which would be alleviated by immediate appeal.'"  *Cullen v. Margiotta*, 618 F.2d
226, 228 (2d Cir. 1980) (citations omitted) (emphasis added).  No such danger, hardship or
injustice exists here.

   Petitioner has offered no justification for the need to take an immediate appeal from the
Order, and sound judicial administration counsels against an immediate appeal as there is
ongoing discovery and potential discovery disputes among the parties, including Aliev, which
may ultimately reach the appellate stage.  In addition, Petitioner cannot claim hardship from
delaying the appeal of the Order when her own actions have led to significant delay in the
prosecution of this ancillary proceeding.

   Furthermore, even if the issue were to be taken up on appeal today, and even if the
Second Circuit reversed, finding that legal access, absent practical access, is sufficient for a
control finding, the outcome would be the same.[2]  This Court already has determined that, as a
factual matter, Aliev does not have the practical ability to obtain the Interros documents, and that
Aliev's efforts to obtain the documents were reasonable.  Order at 9.  Even if Aliev *technically*
had control over the Interros documents, and the Court were to consider whether to hold him in

---

[2] Of course, the Second Circuit would only reach this if it found that, contrary to Aliev's expert's contention, such
   access was available under Russian law.

**Proskauer** »

Hon. Loretta A. Preska
July 14, 2015
Page 3

contempt and/or issue sanctions, the Court's factual determinations as to Aliev's practical ability are outcome-determinative; Petitioner's Motion for Sanctions would be denied again for the same reasons.

*28 U.S.C. §1292(b) is Inapplicable Here*

Section 1292(b) orders offer an interlocutory mechanism for appeals. Such orders are rarely issued and are to be used only in extraordinary circumstances not present here. *See McNeil v. Aguilos*, 820 F. Supp. 77, 79 (S.D.N.Y. 1993) (Sotomayor, J.) ("[T]he barrier [to 1292(b) certification] is elevated by the mandate that section 1292(b) be 'strictly limited' because 'only exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of final judgment.'" (citations omitted) (quoting *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 25 (2d Cir. 1990))).

The three statutory pre-requisites to relief under 1292(b) are: (1) the order must involve a "controlling question of law," (2) about which there is "substantial ground for difference of opinion," such that (3) an immediate appeal may "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *McNeil*, 820 F. Supp. at 79. If the district judge certifies the appeal, the Court of Appeals then has discretion to permit or decline to take the appeal. 28 U.S.C. § 1292(b). In all events, the party requesting interlocutory appeal bears the burden of showing all three criteria are met. *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 529-30 (S.D.N.Y. 2014) (citing *Casey v. Long Island R.R. Co.*, 406 F.3d 142, 146 (2d Cir. 2005)). None of these requirements are met here, and even if the Court finds otherwise, it should exercise its discretion to not issue a 1292(b) order.

First and foremost, the Order resolved a factual issue, not a controlling issue of law. *See* Order at 1 ("The factual issues thus resolved, the stay on Petitioner's Motion for Sanctions [dkt. no. 100] is lifted, and the motion is DENIED." (footnote in original omitted)). Second, even if the Court's articulation of the standard for "possession, custody, or control" can be viewed as a controlling issue of law, there is no ground for substantial difference of opinion because the Court's articulation of the standard did not deviate from prior case law and, as Your Honor pointed out, it is entirely consistent with Second Circuit precedent. Order at 4; *see, e.g.*, *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007). Third, finalizing the issue of Aliev's "possession, custody, or control" over the Interros documents through appeal now would not materially advance the ultimate termination of the proceeding, as none of the outstanding discovery matters will be impacted or resolved by piecemeal conclusion of this one issue. Instead, proceeding with an appeal of this issue would be inefficient in light of the fact that further discovery disputes between the parties could arise before the settlement agreement [dkt. no. 72] is fully satisfied, and appeals from those decisions would then bring the case back before the Second Circuit, which would then have to re-familiarize itself with the facts.

Even if the Court determines that the statutory requirements for a 1292(b) order are met (and we submit they are not), it should exercise its discretion to deny certification. Petitioner should not be permitted to claim an urgent need to appeal this issue now when she has spent months sitting on her hands. More importantly, resolution of this issue, at any time, will not

Proskauer»

Hon. Loretta A. Preska
July 14, 2015
Page 4

change the practical reality that Aliev does not have access to Interros' documents.  Accordingly, the Court should deny Petitioner's request for certification under 1292(b).

In summary, Aliev respectfully requests that the Court deny Petitioner's request and allow for discovery to close and for all terms of the settlement to be satisfied first so that all appealable issues in this matter can be resolved together.

Aliev is prepared to submit further briefing on these issues should the Court so direct.


Respectfully submitted,

*/s/ Michael A. Cardozo*

Michael A. Cardozo

cc:  All counsel via ECF