# ALSTON & BIRD LLP

90 Park Avenue
New York, NY 10016

212-210-9400
Fax: 212-922-3931
www.alston.com

Karl Geercken                    Direct Dial: 212-210-9471                    Email: karl.geercken@alston.com

November 12, 2015

<u>VIA ECF</u>
Hon. Loretta A. Preska
Chief United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street, Room 2220
New York, NY 10007-1312

      Re:   *In re Application of Natalia Potanina*, Nos. 14-mc-31 and 14-mc-57
             (S.D.N.Y., consolidated March 14, 2014) (Part I)

Dear Chief Judge Preska:

      As counsel for Petitioner Natalia Potanina in the above-referenced proceedings, I write regarding three related discovery disputes. First, Respondent Altpoint Capital Partners LLC ("Altpoint") has refused to cure its failure to provide a corporate representative prepared to testify regarding three critical and noticed issues at its 30(b)(6) deposition on October 16, 2015. *See* Letter dated October 23, 2015 [Exhibit A]; Letter dated October 29, 2015 [Exhibit B] (the "Altpoint Letter"). Second, Altpoint's Chairman and CEO, Guerman Aliev, has refused to appear at an individual deposition pursuant to the subpoena, dated February 3, 2014, issued pursuant to the Court's February 3, 2014 Order. Letter dated October 29, 2015 [Exhibit C]. Finally, Altpoint has refused to produce and/or identify by Bates number numerous documents referenced by its corporate representative at the October 16 deposition. *See* Altpoint Letter. Altpoint and Aliev's attempts to frustrate the discovery process appear designed to prevent Petitioner from finishing discovery in advance of an anticipated December 2015 deadline to submit evidence in a proceeding pending in Russia. Accordingly, pursuant to Rule 2 of Your Honor's Individual Practices and S.D.N.Y. Local Rule 37.2, Petitioner respectfully requests a pre-motion conference to address these three issues.

      By way of background, on February 4, 2014, Petitioner filed an application for discovery pursuant to 28 U.S.C. § 1782 from, among others, both Altpoint and Aliev. The Court granted the application that same day. In accordance with that Order, Petitioner served (i) Altpoint with a 30(b)(6) subpoena identifying thirteen noticed deposition topics[1] and (ii) Aliev with an individual deposition subpoena. As such, Aliev has been on notice since that time Petitioner sought his individual deposition. *See also* Transcript of the June 17, 2014 hearing, 2:18-21 (noting at the hearing that the parties would meet and confer regarding additional depositions), [Exhibit D]; Order Approving Settlement Agreement dated July 11, 2014, docket 72 at ¶ 11.

---

[1] Petitioner is not aware of Altpoint having ever objected to these topics.

On November 25, 2014, Altpoint's counsel, joined by Aliev's personal counsel, represented to Petitioner as follows:

> We believe Mr. Aliev, as Chairman and CEO of Altpoint, is the individual most likely to be able to provide by way of oral testimony information responsive to the subjects listed in the 30(b)(6) subpoena. While we respectfully are of the view that once Mr. Aliev's testimony is completed, other depositions should not be had on the ground that they are unduly burdensome in light of all of the circumstances, we are prepared for each side to reserve its rights on that issue pending the completion of Mr. Aliev's deposition.

*See* Letter dated November 25, 2014 [Exhibit E]. In that same letter, Altpoint's Counsel also agreed that at that deposition, Aliev would respond to questions both in his individual capacity and as the 30(b)(6) corporate representative of Altpoint. *See id.*

Before deposing Aliev, Petitioner sought to resolve the issue of Aliev's control of certain documents. This resulted in a limited deposition of Aliev on April 9, 2015 addressing only the issue of his possession, custody, and control of Interros documents. An evidentiary hearing on this issue was conducted on June 17, 2015 and Your Honor issued a June 30, 2015 Order denying Petitioner's request to compel the production of such documents.

Up to and through the date of the Court's Order, Petitioner had no reason to believe that Altpoint and Aliev would not honor their November 2014 representation that Aliev would be its designated corporate representative. Accordingly, in a July 23, 2015 letter to the Court, Petitioner represented to the Court that final judgment as to Aliev should be entered because the Court's June 30, 2015 Order resolved all of the outstanding issues with regard to Aliev in his individual capacity. That letter specifically noted that "Petitioner has scheduled the deposition of Respondent Altpoint Capital Partners, LLC ("Altpoint") for August 5, 2015 and understands from Altpoint's counsel that Aliev will be designated as Altpoint's corporate representative." *See* Letter dated July 23, 2015 [Exhibit F].

Shortly after Petitioner submitted that July 23 letter, Altpoint notified Petitioner *for the first time* that Aliev would no longer be appearing as Altpoint's corporate representative and that in his place would be Brett Pertuz, a lower-level Altpoint executive who had limited interaction with Petitioner's former husband. While Petitioner disputed this purported change, once it became clear that Altpoint and Aliev would not honor their previous representation, Petitioner promptly withdrew her representation to the Court that she would not seek further discovery from Aliev. *See* Letter dated August 5, 2015 [Exhibit G]. Petitioner's repeated efforts to resolve the issue and proceed with a deposition of Aliev as Altpoint's corporate representative proved futile, and reserving all rights, including the right to depose Aliev individually, Petitioner agreed to move forward with Altpoint's deposition via Pertuz. *See* Letter dated August 6, 2015, [Exhibit H].

Hon. Loretta A. Preska
November 12, 2015
Page 3

      Pertuz's October 16 deposition testimony confirmed Altpoint's representation that Aliev was the appropriate corporate representative. Pertuz lacked knowledge regarding, among other things, three key issues that are the subject of multiple noticed deposition topics: ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

      Altpoint is obligated to remedy its failure to provide a corporate representative prepared to testify regarding the Topics.[3] Based on Altpoint and Aliev's own representations as well as Pertuz's testimony, Altpoint should be required to designate Aliev as its corporate representative and/or produce Aliev for deposition in his individual capacity in accordance with the outstanding February 3, 2014 subpoena. *See also* Transcript of the June 17, 2014 hearing, 2:18–21.

      Finally, in advance of either a second Altpoint deposition or Aliev's deposition, Petitioner is entitled to the Altpoint documents Pertuz referenced at his deposition. Throughout his deposition, Pertuz referred to Altpoint documents which Petitioner was unable to locate in Altpoint's production. Petitioner, through its counsel, called for the production of such documents at the deposition and promptly renewed its request up with a letter. *See* Altpoint Letter, attached as Exhibit B. Altpoint has no valid basis to refuse to produce such documents or, to the extent such documents have already been produced, to identify the Bates number for each of the referenced documents. *See, e.g.*, *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, No. 94 Civ. 1942, 1995 WL 758767 (S.D.N.Y. Dec. 21, 1995) (ordering the responding party to produce documents identified in the course of a 30(b)(6) deposition).

---

[2] Excerpts of the Pertuz Deposition transcripts cited herein and in the Appendix are attached as Exhibit I.

[3] Under well settled law in this Circuit, Altpoint must designate a corporate representative that is both knowledgeable about a given area and prepared to give *complete and binding answers* on behalf of the organization. *Bank of N.Y. v. Meridien Biao Bank Tanz.*, 171 F.R.D. 135, 150 (S.D.N.Y. 1997) (emphasis added). Moreover, to satisfy Rule 30(b)(6), Altpoint corporate deponent has an affirmative duty to make available such number of persons as will be able to give complete, knowledgeable and binding answers on its behalf. *Kyoei Fire & Marine Ins. Co. v. M/V Mar. Antalya*, 248 F.R.D. 126, 152 (S.D.N.Y. 2007). Where a corporation fails to provide a witness properly prepared to testify concerning subject matters designated in a deposition notice, the corporation must produce a witness who is properly prepared. *See Rembert v. Cheverko*, 2015 U.S. Dist. LEXIS 138719, *13 (S.D.N.Y. 2015); *Twentieth Century Fox Film Corp. v. Marvel Enters.*, 2002 WL 1835439, *15 (S.D.N.Y. 2002); *Tailored Lighting, Inc. v. Osram Sylvania Prods.*, 255 F.R.D. 340, 350 (W.D.N.Y. 2009).

Hon. Loretta A. Preska
November 12, 2015
Page 4

                        Respectfully submitted,

                        Karl Geercken

Attachments

cc:    Counsel of Record (Via ECF)

# Appendix

[text redacted]

2

[redacted]