# EXHIBIT F

# ALSTON&BIRD LLP

90 Park Avenue
New York, NY 10016

212-210-9400
Fax: 212-922-3931
www.alston.com

Karl Geercken　　　　　　　　　　　Direct Dial: 212-210-9471　　　　　　　　　Email: karl.geercken@alston.com

July 23, 2015

<u>VIA ECF</u>

Hon. Loretta A. Preska
Chief United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

　　　　Re:　*In re Application of Natalia Potanina*, Nos. 14-mc-31 and 14-mc-57
　　　　　　<u>(S.D.N.Y., consolidated March 14, 2014) (Part I)</u>

Dear Chief Judge Preska:

　　　　We represent Petitioner Natalia Potanina in the above-referenced proceedings. In accordance with the Court's July 16, 2015 Order ("July 16 Order") [dkt. no. 169], I write in support of Petitioner's request that Your Honor permit Petitioner to seek prompt appellate review of Your Honor's June 30, 2015 Memorandum and Order [dkt. no. 162] (the "Order") by either (i) entering a final judgment as to Respondent Guerman Aliev ("Respondent" or "Aliev") pursuant to Rule 54(b) of the Federal Rules of Civil Procedure or, in the alterative, (ii) issuing a certification of interlocutory appeal pursuant to 28 U.S.C. § 1292(b). For the reasons set forth below, the arguments Respondent raised in opposition to these approaches in his July 14, 2015 letter [dkt. no. 167] lack merit and Petitioner respectfully requests that the Court grant the relief she seeks.

## **Final Judgment As To Respondent Should Be Entered**

　　　　A final judgment as to Aliev pursuant to Rule 54(b) is appropriate here, where there are multiple respondents, all issues regarding Aliev in his individual capacity have been resolved, and the foreign proceedings for which discovery is being sought are underway. In this Circuit, a certification pursuant to Rule 54(b) allowing for immediate appellate review is proper where (1) there are multiple claims or parties, (2) at least one of the claims or rights and liability of at least one party has been finally determined, and (3) "there is no just reason for delay." *See, e.g.*, *Grand River Enterprises Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 164-65 (2d Cir. 2005). Whether or not such "just" cause exists, however, has been "left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980) (upholding the district court's Rule 54(b) certification based upon the finding that there

Hon. Loretta A. Preska
July 23, 2015
Page 2

was "no sound reason to delay appellate resolution"). Relatedly, this discretionary determination requires consideration of "judicial administrative interests" and an assessment of "the equities involved." *Id.*

The first two prongs of the tripartite test for a Rule 54(b) judgment are easily satisfied. The present matter involves multiple parties and entities—all told, there are eight respondents— and the Order wholly and finally resolved the remaining discovery Petitioner sought from Aliev.[1] Indeed, with regard to the latter point, as Your Honor recognized in the Order dated July 16, 2015, Aliev has "indicated that no further issues remain to be disposed of." *See* July 16 Order.

As a result, the test for a Rule 54(b) judgment turns on whether there is "just reason for delay." Here, there is none. All issues regarding the discovery petitioner sought from Aliev have been resolved. The discovery sought from the remaining respondents is ongoing and depending upon the facts uncovered at the August 5 deposition, could proceed for some time. With no fixed end date, Petitioner could be stymied from seeking appellate review of an order which, we respectfully assert, wrongfully deprives Petitioner of the discovery to which Your Honor has recognized she is entitled. Moreover, the prejudice to Petitioner is only exacerbated by the fact that there is an underlying proceeding in Russia which continues to progress.

In assessing and balancing the equities, the "twin aims" of 28 U.S.C. § 1782 are of particular relevance. The Second Circuit has articulated these aims as "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *Euromepa, S.A. v. R. Esmerian, Inc.*, 154 F.3d 24, 28 (2d Cir. 1998). Here, if a judgment as to Aliev is not entered pursuant to Rule 54(b), Petitioner will be forced to wait for appellate relief from a decision that effectively limits the statute's "assistance." This delay as to Aliev would undermine the statute's aim for efficiency as well. Nor should Petitioner be penalized for seeking to minimize the burden on the Court by naming multiple respondents in her petition, thus avoiding the logistical and substantive burdens of eight separate petitions. *See Chevron Corp. v. Berlinger*, 629 F.3d 297, 306 (2d Cir. 2011) (recognizing that grant or denial of discovery under 28 U.S.C. § 1782 constitutes "the final resolution" of the petition and is "immediately appealable under [28 U.S.C.] § 1291").

Finally, the cases upon which Respondent relies in its opposition simply provide a recitation of the general discretionary standard applicable to a Rule 54(b) certification. *See* Opposition ("Opp.") at 2. These cases do nothing to support the existence of a cognizable, valid "just reason for delay" in what ideally would be an expeditious Section 1782 proceeding. In fact, one case cited in Respondent's letter, *Cullen v. Margiotta*, 811 F.2d 698 (2d Cir. 1987), found that Rule 54(b) certification was indeed proper where the court concluded that the surviving claims presented issues of law unrelated to those previously dismissed and that the current phase

---

[1] Petitioner has scheduled the deposition of Respondent Altpoint Capital Partners, LLC ("Altpoint") for August 5, 2015 and understands from Altpoint's counsel that Aliev will be designated as Altpoint's corporate representative.

Hon. Loretta A. Preska
July 23, 2015
Page 3

in which the litigation was embroiled could last years. *Id.* at 711 (holding that Rule 54(b) certification may be proper where "that course will make possible a more expeditious and just result for all parties").

As such, Petitioner respectfully requests Your Honor grant immediate appellate review of the Order by certification pursuant to Rule 54(b).

### Certification Pursuant To 28 U.S.C. § 1292(b) Is Proper

In the alternative, a certification of interlocutory appeal pursuant to 28 U.S.C. § 1292(b) should be issued. Section 1292(b) authorizes the district court to certify a ruling "not otherwise appealable" for immediate appellate review where the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also Balintulo v. Daimler AG*, 727 F.3d 174, 186 (2d Cir. 2013). Indeed, where these preconditions are met and the underlying order entails "a new legal question or is of special consequence," the United States Supreme Court has directed that "district courts should not hesitate to certify an interlocutory appeal in such cases." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 110-11 (2009) (recognizing that Section 1292 is a "discretionary review mechanism[]" which "serve[s] as [a] useful safety valve for promptly correcting serious errors").

Here, Your Honor's Order involves a controlling question of law thus far unresolved and unaddressed by the Second Circuit. This is apparent from the Order itself. Indeed, Your Honor recognized that the prevailing standard for control pursuant to Federal Rules of Civil Procedure Rule 34 is broad and "might be interpreted" in a way contrary to Your Honor's ruling. *See* Order at 3. Ultimately, given the lack of clear guidance from the Second Circuit on this pure issue of statutory interpretation, Your Honor arrived at a reading that "is consistent with that of the Court of Appeals." *See id.* at 4. The lack of appellate guidance on this point is further underscored by Your Honor supplying "a clearer statement of the rule" in the Order, *see id.* at 3, which belies Respondent's contention that there "is no ground for substantial difference of opinion" as to the legal standard. *See* Opp. at 3.

Moreover, resolution at this stage of the proceeding would materially advance this litigation toward its ultimate termination given this issue's probable effect on "the parties' strategic decision-making going forward." *See Fed. Hous. Fin. Agency v. UBS Americas, Inc.*, 858 F. Supp. 2d 306, 338-39 (S.D.N.Y. 2012) *aff'd*, 712 F.3d 136 (2d Cir. 2013) (noting that certification "may be particularly appropriate in complex litigation involving multiple coordinated actions).

Accordingly, if Your Honor declines to enter a Rule 54(b) judgement, Petitioner respectfully requests that Your Honor certify the Order for immediate appellate review pursuant to 28 U.S.C. § 1292(b).

We are available should Your Honor have any questions.

Hon. Loretta A. Preska
July 23, 2015
Page 4

Respectfully submitted,

Karl Geercken

cc: Counsel of Record (Via ECF)